## SETH LEWIS *versus* HENRY FOSTER.

A. brought an action of debt against B. for a penalty given by statute, and recovered judgment.    After judgment, the statute was repealed ;  B. then reviewed the action—held, that the repeal took away A.'s right of action—that B. was entitled to judgment upon review.

THIS was an action of debt, for a penalty founded on the 3d sec. of the statute of Dec. 16, 1796, entitled "an act regulating fees." (1 *Laws* 132.)   The suit was commenced on the 30th March, 1812, and previous to the 10th June, 1813, had been tried on the general issue, and a verdict returned for the plaintiff, and judgment rendered accordingly.    By a statute of June 19, 1813, § 3, (1 *Laws* 134,) the section of the law upon which the action was founded was repealed, without any saving clause.    The defendant reviewed the cause, and it was again tried in this county, October term, 1815, and a verdict taken for the plaintiff, subject to the opinion of the court whether the repeal of the said section took away the plaintiff's right of action ; and it was agreed that if the court should be of opinion that it did take away the plaintiff's right of action, the verdict should be set aside and a verdict entered for the defendant, otherwise judgment to be entered upon the verdict.

*H. Hubbard*, for the plaintiff.

*Upham*, for the defendant.

The opinion of the court was delivered by

RICHARDSON, C. J.   We are of opinion that the plaintiff's right of action is taken away by the repeal of the law on which it was founded.   It is clear, if the law had been repealed before the first judgment, the plaintiff could not have

recovered. 1 *Gallison* 177, *United States* vs. *Mann.*—5 *Cranch* 281, *Yeaton* vs. *United States.* By our statute of February 9, 1791, § 12, (1 *Laws* 103,) it is provided that a cause shall be tried upon review in the same manner as if no judgment had ever been given.

The first judgment was rendered for the plaintiff, subject by law to a review, in which the whole merits of the case could be drawn in question.

Every right he acquired by that judgment was subject to be lost on review of the cause. We are to try the cause in the same manner as if there had never been a judgment : but we now find no law that will warrant a judgment in favor of the plaintiff.

The verdict must be set aside and a verdict entered for the defendant.

*Judgment for the defendant.*