### JEREMIAH DOW *versus* TRUE NORRIS.

Where a statute gives a penalty incurred under it to an individual, the right of an individual to a penalty incurred under the statute is a civil cause within the meaning of the clause in the bill of rights which prohibits the passing of retrospective laws for the decision of civil causes.

And such right of an individual cannot be taken away by a repeal of the statute under which the penalty was incurred.

THIS was an action of trespass for an assault and imprisonment, and a detention of the plaintiff in prison from the first to the third day of November, 1819, and until he paid the sum of $2,70 for his enlargement.

The cause was submitted to the decision of the court upon the following facts agreed by the parties. The defendant, being the commanding officer of a company of militia, on the 20th October, 1819, issued his warrant to collect a fine of $2 of the plaintiff for the non-appearance of the latter, at a muster of the company on the 30th June, 1819. The plaintiff was arrested by virtue of the warrant, on the first day of November, 1819, and detained until the third day of the same month, and until he paid $2,70, the amount of the fine and the costs.

The plaintiff, before and at the time of said muster, lived within the limits of said company, was duly enrolled therein, was legally notified to attend said muster, and did not attend.

And it was agreed, that, if upon the above facts, the court should be of opinion that the action could be maintained, judgment should be rendered for the plaintiff for

$3, damage and costs : otherwise judgment to be render- <span style="float:right">Dow<br>*v.*<br>Norris.</span>
ed for the defendant.

*Merrill*, for the plaintiff.

*Sullivan*, for the defendant.

RICHARDSON, C. J. delivered the opinion of the court.

It is not disputed in this case, that a forfeiture of $2 was incurred by the plaintiff on the 30th June, 1819. By the laws then in force it was provided, that the forfeiture should be " levied by distress and sale of the offender's goods and chattels, by warrant, under the hand and seal of the captain or commanding officer of the company." 1 N. H. Laws, 299 & 309. And that all fines recovered, except that part which accrued to the sergeant who collected the same, should be paid into the hands of the commanding officer of the company, to be expended in defraying the necessary expenses of such company, as the commissioned officers of the same might direct. 1 N. H. Laws, 300.

The next day after the forfeiture was thus incurred, the statute of July 1st, 1819, was passed, the first section of which enacts, " that the several laws heretofore made for arranging, forming, and regulating the militia be, and hereby are repealed. Provided nevertheless, that all officers actually in commission agreeably to the laws which are hereby repealed, shall continue in commission in the same manner, and in the same authority they would in case the said laws were still in force ; and that all proceedings done and transacted by virtue of said laws shall be good and valid in the same manner as if said laws were not repealed."

The ground on which the plaintiff rests his cause, is, that the law, under which the forfeiture was incurred, having been repealed without any saving clause extending to forfeitures not actually paid, there was no law in existence authorising the warrant of distress at the time it issued.

VOL. I.           3

To this it is answered by the defendant, that to give this construction and operation to the repealing act, would, with respect to this forfeiture, make it a retrospective law for the trial of a civil cause and repugnant to the constitution ; and that therefore such a construction of the repealing act is altogether inadmissible.

As the constitution is the supreme law of the state, to which all statutes must in every conflict yield, and as we are bound so to construe every act of the legislature as to make it consistent, if it be possible, with the provisions of the constitution, we shall proceed directly to the examination of the view of this case which the defendant has presented to our consideration, without stopping to enquire what construction of the repealing act might be warranted by the natural import of the language used.

The constitution declares that "retrospective laws are highly injurious, oppressive, and unjust. No such laws therefore should be made either for the decision of civil causes or the punishment of offences." And we shall in the first place examine, whether the repealing clause in the statute we are now considering, having the operation for which the plaintiff contends, must be considered as a retrospective law for the decision of a cause ? In the case of *Woart* v. *Winnick*, 3 N. H. Rep. 473, we remarked that "a law for the decision of a cause is a law prescribing the rules by which it is to be decided,—a law enacting the general principles by which the decision is to be governed. And a retrospective law for the decision of civil causes is a law prescribing the rules by which existing causes are to be decided upon facts existing previously to the making of the law. Indeed, instead of being rules for the decision of future causes as all laws are in their very essence, retrospective laws, for the decision of civil causes, are in their nature judicial determinations of the rules by which existing causes shall be settled upon existing facts." These remarks were made in relation to an action pending, upon which the attempt was to make

a statute operate retrospectively. But we imagine that no doubt can exist, that a law operating retrospectively upon an existing cause of action, where no suit is pending, is as much to be deemed a retrospective law for the decision of a cause, and as much within the prohibition of this clause in the constitution, as a law establishing a new rule of decision for an existing action.

In the case of *The Society* v. *Wheeler*, 2 Gall. 139, Mr. Justice Story held that, "upon principle, every statute which takes away or impairs vested rights acquired under existing laws, or creates a new obligation, or imposes a new duty, or attaches a new disability in respect to transactions or considerations already past, must be deemed retrospective." And he decided in that case, that the third section of our statute of June 19, 1805, relating to improvements made by tenants in real actions upon the land, was, with respect to that case, a retrospective law prohibited by the constitution, although the suit was not commenced until more than a year after that section in the statute became a law.

In the case now before us it appears, that a forfeiture was incurred by the plaintiff and a right to recover the forfeiture for certain purposes vested in the defendant. And it seems to us much too clear to need any further elucidation, that a law divesting the defendant of this right must be deemed a retrospective law for the decision of a cause. Because a law for the decision of a cause is nothing more than a law by which the rights of the parties to the cause are to be settled and determined. And whenever a law is made for the decision of an existing cause of action it is in its nature retrospective.

The next enquiry then is, was the right of this defendant to the said forfeiture, a civil cause within the meaning of the clause in the bill of rights which we are now considering. As to this question we think there can be no diversity of opinion. The word "*civil*" is used in this article of the bill of rights to denote causes, in which

private rights are involved and to distinguish such cases from criminal causes, in which the public alone is concerned. 3 Bl. Com. 2. This is very apparent from the language used. "No such laws therefore should be made either for the decision of civil causes or the punishment of offences." In addition to this, it seems to be well settled that an action of debt, or an information brought to recover a penalty is a civil proceeding. 1 Gall. 179 ; 2 Bos. & Pul. 532, *note* ; 6 Johns. 101.

The case of *Lewis* v. *Foster*, 1 N. H. Rep. 61, has not escaped our notice. But in that case it was taken for granted, that the law, in which the action was founded, was repealed. The question whether the law could be repealed with respect to that action consistently with this provision in the constitution was neither raised nor considered, and we cannot view it as a decision of the point.

And we are of opinion that to hold that the repealing clause in the statute of July 1, 1819, had the effect to divest the defendant of his right to the forfeiture which the plaintiff had incurred, would be to give that clause the operation and effect of a retrospective law for the decision of a civil cause against both the letter and the spirit of this clause in the bill of rights.

We therefore feel ourselves bound to consider the repeal as not intended to affect either the right to the forfeiture, or the remedy which had been provided to enforce the payment of it.

The result of course is that the warrant of distress was legally issued in this case by the defendant and he is entitled to judgment.