## SAMUEL ADAMS et a. *versus* LEMUEL JOHNSON.

In an action, commenced on the 29th June, 1830, upon a note, dated, August 2, 1813, and payable on demand, the defendant pleaded the statute of limitations. The plaintiff replied that from the 15th October, 1813, to the 25th July, 1828, the defendant resided out of the state, and did not leave any estate that could be attached. On demurrer, the replication was adjudged insufficient.

ASSUMPSIT, upon a note, for $21,45, dated, August 2, 1813, made by the defendant, and payable to the plaintiffs, on demand with interest. The suit was commenced on the 29th June, 1830.

The defendant pleaded in bar, that the cause of action did not accrue at any time within six years next before the commencement of the suit.

To this the plaintiffs replied, that, from the 15th October, 1813, to the 25th July, 1828, the said Johnson resided without the limits of this state, and did not leave property or estate therein that could, by the common and ordinary process of law, be attached.

To this replication the defendant demurred, and the plaintiff joined in demurrer.

*Porter*, for the plaintiffs.

*Cutter* and *Odell*, for the defendant.

*By the court.* The cause of action, in this case, accrued on the 2d August, 1813.

The statute of June 16, 1791, enacted, that all actions upon the case should be barred, unless commenced within six years after the cause of action accrued. But it was provided, in that statute, that if any person, against whom there was any cause of action, was without the state at the time the same accrued, and left here no property or estate that could, by common process, be attached, then the action might be commenced at any time

Adams<br>v.<br>Johnson.

within six years after his return. That statute remained in force until the 30th June, 1825, when it was repealed.

The present action, then, was barred by that statute, on the 2d August, 1819. Six years had then elapsed, and the case is not within the provision relating to causes of action against persons out of the state, because this defendant was not out of the state when the cause of action accrued.

The repeal of the statute of June 16th, 1791, in 1825, did not revive the cause of action, or take away the bar. 3 N. H. Rep. 473, *Woart* v. *Winnick* ; 4 N. H. Rep. 16, *Dow* v. *Norris.*

<em>The replication must be adjudged insufficient.</em>