## Case No. 5,724.

**GRAY et al. v. MUNROE et al.**

[1 McLean, 528.][2]

Circuit Court, D. Ohio. July Term, 1839.

IMPRISONMENT OF DEBTORS — TIME OF OPERATION OF ACT FEB. 28, 1839—BAIL.

1. The act of the 28th February, 1839 [5 Stat. 321], which adopts the laws of a state in regard to imprisonment of debtors, gives immediate effect to such laws, as well in cases pending, as in those subsequently commenced. This law relates to the remedy, and does not impair the obligation of the contract.

[Cited in Brown v. Dillahanty, 4 Smedes & M. 713; McCormick v. Rusch, 15 Iowa, 136; Willard v. Harvey, 24 N. H. 353; Baldwin v. Buswell, 52 Vt. 61.]

[See Beers v. Haughton, Case No. 1,230.]

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[2] [Reported by Hon. John McLean, Circuit Justice.]

2. In a case where appearance bail had been given, before the passage of the law, the defendants are not bound to give special bail, but may be discharged on motion, on common bail.

[Cited in Wilber v. Ingersoll, Case No. 17,-632.]

[This was an action at law by Gray, Sherwood & Co. against Charles C. Munroe and others.]

Mr. Switzer, for plaintiffs.

Goddard & Converse, for defendants.

OPINION OF THE COURT. The capias which was issued in this case, bears date the 5th February, 1839, and was served the 1st March, ensuing, and appearance bail was given. A motion is now made to discharge the defendants on common bail. This motion is made under the act of congress of the 28th February, 1839, which provides "that no person shall be imprisoned for debt in any state, on process issuing out of a court of the United States, where, by the laws of such state, imprisonment for debt has been abolished; and where, by the laws of the state, imprisonment for debt shall be allowed, under certain conditions, the same conditions and restrictions shall be applicable to the process issuing out of the courts of the United States, and the same proceedings shall be had therein as are adopted in the courts of such state." By the act of Ohio of the 19th March, 1838 [36 Ohio Laws, p. 75], it is provided in the first section, "that no person shall be arrested or imprisoned on any mesne or final process, &c. except in certain cases." The exceptions are, proceedings for contempt, for crimes, misdemeanors or offences prosecuted by the state, judgments for fines, judgments against a public officer or an attorney at law for monies received, or where an affidavit is made agreeably to the statute, &c. And an affidavit is required to be made before a capias ad satisfaciendum shall issue on a judgment. This statute has never received a construction by the supreme court of the state, and it is understood to have been differently construed in different circuits of the common pleas. The imprisonment of the defendant is said to be a satisfaction of the judgment; but it is in fact a remedy given to enforce the payment of the judgment. And when this remedy is taken away by a law abolishing imprisonment for debt, or by a proceeding under an insolvent law, the contract is not reached, nor its obligation impaired. The remedy only is affected, and the legislature have a right to change this at their discretion. The bail bond is a part of the remedy, and if its condition to surrender the defendant is afterwards made unlawful, the bail on principle and authority must be discharged. 14 East, 599; 5 Bin. 332; 4 Johns. 407. In the case of Beers v. Haughton, 9 Pet. [34 U. S.] 358, hereafter cited, the supreme court say: "In order to clear the case of embarrassment from collateral matters, it may be proper to state, that the recognizance of special bail, being a part of the proceedings on a suit and subject to the regulation of the court, the nature, extent and limitations of the responsibility created thereby, are to be decided, not by a mere examination of the terms of the instrument, but by a reference to the known rules of the court and the principles of law applicable thereto. Whatever in the sense of those rules and principles will constitute a discharge of the liability of the special bail, must be included within the purview of the instrument as much as if it were expressly stated." The rule under which the bail were discharged in the above case, was adopted subsequently to the recognizance of bail. The act of congress adopts the state law, and the question is whether an individual under this law is liable to be imprisoned, except on the conditions which it prescribes. No substantial objection is perceived to the mode in which the question is raised. The defendant has given appearance bail, and by the terms of his bond he is required now to enter special bail, or bail to the action. But he asks the court to release him from this condition on the ground that as the law now stands he cannot be imprisoned for debt, except under proceedings different from those which have been had in this case. In this summary mode the point may be presented as fully as in an action on the bail bond, or in any other form. Indeed the bail are generally discharged on motion, where there has been a surrender of the principal, or where such surrender cannot be made, relief is given without making it.

In the case of Beers v. Haughton, 9 Pet. [34 U. S.] 358, the supreme court say, that the doctrine is clearly established that where the principal would be entitled to an immediate and unconditional discharge, if he had been surrendered, the bail are entitled to relief by entering an exoneretur without any surrender. And that where the law prohibits the party from being imprisoned at all, or where by the positive operation of law a surrender is prevented, this doctrine must apply. But it is insisted that this writ having been legally issued, the marshal was bound to arrest the defendants and take bail notwithstanding the law which abolished imprisonment. That if under this law the defendants shall be discharged on common bail, the plaintiffs are placed in a worse situation than if they had instituted their suit under the present law, as by it on making the affidavit required they would have been entitled to bail. This writ was issued under the law which entitled the plaintiffs to bail, but it is not perceived how this can give effect to that law, after it shall have been repealed. If the position contended for be correct, the law under which a suit is commenced must regulate its future progress, though repealed. The law declares that there shall

be no imprisonment for debt, except in the cases stated, and the pendency of a suit, before the law took effect, is not within the exceptions. So far as regards the remedy, the legislature may alter the law, in their discretion, and unless they be excepted, the law operates as well on cases pending, as on those which may be commenced subsequently. In the present case it is admitted that the plaintiffs in this, or in any other cause, cannot take out a capias ad satisfaciendum on a judgment without making the oath required by the present law. And if in this respect this law is to govern, why does it not equally apply to bail? As the case now stands, the plaintiffs are not entitled to a ca. sa. against the defendants, and under such circumstances, can they object to their discharge? It would seem to follow as a necessary consequence, if the plaintiffs cannot arrest the defendants on final execution, that they cannot require them to give special bail. And this is the principle laid down in the case of Beers v. Houghton [supra]. The plaintiffs may entitle themselves to a capias ad satisfaciendum on the judgment, but this depends upon a proceeding subsequent to the judgment. It is not a right which necessarily follows the judgment, or grows out of the preliminary proceedings in the case. The statute requires bail to the action only on condition that certain facts are sworn to by the plaintiff, and this has not been done and cannot now be done, in the present case. The right to bail is cut off by the statute, and as regards the present suit, stands as though no bail could be required in any case. No hardship or equitable considerations arising out of the circumstances of the case, can alter the law. And its language will not admit of the construction, as contended for, which shall limit the application of all its provisions to suits commenced subsequently. Effect can be given to some of its provisions, only, in suits subsequently commenced; but there are others which take immediate effect, and among them is the provision which abolishes imprisonment for debt.

In the case of Satterlee v. Matthewson [13 Serg. & R. 133, 16 Serg. & R. 169], the supreme court of Pennsylvania decided that the lease set up by the defendant, under a Connecticut title, did not establish the relation of landlord and tenant between the defendant and the lessor of the plaintiff, and consequently that the defendant might show a title in himself. Shortly after this decision, the legislature of Pennsylvania passed a law declaring that the relation of landlord and tenant should exist under such a title as that under which the defendant entered, and the supreme court of Pennsylvania held this act to be valid and gave effect to it. And on the case being brought before the supreme court of the United States by writ of error (2 Pet. [27 U. S.] 380), the law was not considered as impairing the obliga-

tion of the contract, and the case was dismissed. Now here is a case in which the law acted upon, and to some extent modified vested rights, and yet it was carried into effect. But the law abolishing imprisonment cannot be said to disturb vested rights; for remedies are always subject to such modifications as the legislature, in the constitutional exercise of its powers, shall think proper to adopt. The defendants will be discharged on common bail and an exoneretur may be entered.