Nov. Term, 1840.

Jones
v.
Burtch.

---

Jones *v.* Burtch and Another.

*A.* executed to *B.* an instrument of writing under seal as follows: For value received, I assign to *B.* all my interest in a judgment in my favour against *C.* and *D.* for 500 dollars, &c.; and if the judgment cannot be collected, I bind myself to pay *B.* the amount of it. *Held*, that the contract was assignable under the statute; and that the assignee's remedy for a breach of it, was at law and not in chancery.

Monday,
November 23.

APPEAL from the *Knox* Circuit Court.

Sullivan, J.—This was a bill in chancery, filed by *Burtch* and *Heberd*, to correct an alleged mistake in a contract en-

tered into between *Jones* and one *Copley*, and by *Copley* assigned to the complainants. The contract, as set forth in the bill, was as follows, viz. "For value received, I assign to *Gustavus Copley* all my right and interest in a judgment in my favour, as assignee of *William Keith*, against *James Dunn* and *David J. Hollingsworth* for 500 dollars and interest, in the *Knox* Circuit Court; and if the judgment cannot be collected, then I bind myself to pay said *Copley* the amount of said judgment. Witness, &c.—*Morgan Jones*, (L. s.)" *Copley* afterwards duly assigned the contract to *Burtch* & *Heberd*. The complainants state that there was no such judgment as that named in the contract; that a suit had been instituted in favour of *Jones* against *Dunn* and *Hollingsworth*, but that process having been served on *Dunn* only, the judgment was against him alone; that the parties to the contract were mistaken in supposing the judgment to be against *Dunn* and *Hollingsworth*. They further state, that they have made, by an execution on the judgment, the sum of 112 dollars and 84 cents; that *Dunn* has no property on which the residue can be levied, &c. The prayer of the bill is that the mistake may be corrected, and that a decree may be entered in favour of the complainants against *Jones*, for the amount due them.

The answer of *Jones* denies the mistake as charged in the bill. He alleges that he only intended to assign to *Copley* the judgment against *Dunn*, and the right to proceed against *Hollingsworth* by due course of law, &c.

The Court decreed in favour of the complainants.

Whether there be a mistake in the foregoing contract, or to what extent a Court of chancery would go in correcting it if there were one, it is not necessary to determine. The object of the complainants' bill is to recover in damages from *Jones*, the residue of the judgment uncollected from *Dunn*. The contract between *Jones* and *Copley* is, under our statute, assignable, and the complainants, as the assignees of *Copley*, have a plain and adequate remedy at law against *Jones* on the covenants contained in it.

We are not now required to decide what covenants the contract contains. It is only necessary to say that the com-

Nov. Term, plainants' remedy at law is so full and complete, that a Court
1840.      of chancery has not jurisdiction of the matter.

BECK          *Per Curiam.*—The decree is reversed with costs.   Cause
v.
WILLIAMS.  remanded, &c.

S. *Judah*, for the appellant.

A. T. *Ellis* and *R. Crawford*, for the appellees.