# The State vs. Pray.

Upon the trial of an indictment for larceny, the party injured is not a competent witness for the prosecution, if he be entitled to treble the value of the property stolen upon the conviction of the prisoner.

But as the payment of treble damages is a part of the sentence, and as there is no mode of enforcing it if it be not included in the sentence, if the witness agree to release all claim to it, and an entry be made on the record accordingly, the court would not be warranted in including it in the sentence, and the competency of the witness will be restored.

Indictment, alleging that the prisoner, on the 21st day of October last, stole forty-five clapboard bolts, the property of Adam Brown and Moses P. Brown.

Upon the trial, Adam Brown was offered as a witness, and objected to by the prisoner's counsel, on account of interest in the event.   He then agreed to release any claim of him-

self and Moses P. Brown to treble damages, and it was entered of record. The prisoner objected that this release was not sufficient, but the court admitted the witness to testify.

The jury found the prisoner guilty, and his counsel moved for a new trial on account of the admission of the witness.

*Bachelder*, County Solicitor, for the state.

*Sawyer & Hobbs*, for the prisoner.

GILCHRIST, J. Upon the conviction of a prisoner of the offence of stealing property, amounting to a less sum in value than twenty dollars, a part of his sentence is to pay treble the value of the property stolen, to the owner thereof. *N. H. Laws* 143, *Ed of* 1830. And it has been decided in the case of *Dow* vs. *Norris*, 4 *N. H. Rep.* 16, that the right of an individual to a penalty incurred under a statute, is a civil cause within the meaning of the constitution. This right was a private right belonging to the owners of the property stolen by the prisoner, which could be enforced only through the court in passing sentence upon the prisoner. The witness, therefore, had a direct interest in the result of the trial. *Rex* vs. *Tilly*, 1 *Strange* 316 ; *Rex* vs. *Stone*, 2 *Ld. Raym.* 1545. The public interest will still have the protection of a common law indictment, and there is nothing from which an inference can fairly be drawn that it was with a view to the public interest, and not for the sake of the private benefit of the party grieved, that the provision for restitution was introduced into the statute. Where it is plain that the detection and conviction of the offender are the objects of the legislature, the case will be within the exception, and the person benefited by the conviction, will, notwithstanding his interest, be competent. Where this is not the case, the general rule will be applicable, and the person incompetent. *The King* vs. *Williams*, 9 *B. & C.* 549. But a different decision has been made in Massachusetts, or at least the court there have not understood the decided cases as we under-

stand them. In the *Commonwealth* vs. *Moulton*, 9 *Mass.* 30, it is said *per curiam*, "when the party from whom goods were stolen was by law entitled to treble the value, he was always received as a competent witness as to all pertinent facts." In this opinion we do not concur, as we do not find the authorities authorize the position, and we think the witness Brown, in this case, was incompetent from interest. There are two classes of cases in which the question of the competency of the party injured arises. Where the benefit or advantage will immediately result to the witness, on a conviction being obtained, the witness will be interested, and will be incompetent, unless the general rule of law be dispensed with in the particular case, either by some legislative enactment, or some principle of public policy, requiring that his evidence shall be received. *The King* vs. *Williams*, *supra*. But where the party injured is entitled, by virtue of some statute or otherwise, to some immediate benefit, he may yet be competent to testify in support of the prosecution, either by the express provisions or necessary implication of the statute conferring the interest, or on some strong ground of public policy. *Rudd's case, Leach's Cr. Ca.* 137, 138, 353, *n.*; *Hawk. B.* 2, *Ch.* 46, § 135. "Where the law could receive no execution unless a party injured be a witness, there" says Ch. B. *Gilbert*, "he must be allowed ; for the law must not be rendered ineffectual by impossibility of proof." 1 *Gilb. Ev.* 245.

We are also of opinion that the mode of restoring the competency of the witness adopted in this case was an effectual one. The treble damages are a part of the sentence, and it is the duty of the court to impose them, unless something appear to the contrary. There is no mode of which we are aware, in which the treble damages can be recovered, unless they have been imposed as a part of the sentence. But here it was entered upon the record that the claim to treble damages was released, and with this entry upon the record, the court would not be warranted in including this claim in the sentence.      *Judgment on the verdict.*