## SUPREME COURT.

THOMAS BURCH agt. WALTER L. NEWBURY, impleaded, &c.

The 460th section of the code (amended) provides that "an appeal may be taken from any final decree, entered upon the direction of a single judge, in any suit in equity, pending in the Supreme Court on the *first day of July*, 1847, within ninety days from the time this act shall take effect; but this section shall not apply to cases, where a rehearing has already been had or ordered, and such appeal shall be taken in the manner provided in sections 327 and 348." No suit in equity was pending in the Supreme Court on the *first day of July*, 1847, but not until the *first Monday* (5th) *of July*, 1847. (Const., art. 14, § 6.)

On a motion to dismiss an appeal, in a suit commenced in the Court of Chancery, because the appeal was not authorized by § 460 of the code: *held*, that such a construction should be given to this section (which is the familiar rule in construing statutes) as would best answer the intention the makers had in view—which intention should be collected from the cause or necessity of making the statute, and which should not suffer it to be eluded. And it was undoubtedly the intention of the Legislature, in this section, to restore the right to a rehearing in suits in equity pending on the first Monday of July, 1847, where it had been lost, by extending the right of appeal ninety days from the passage of the code, and that this section should be construed to be applicable to all suits in equity pending in the Supreme Court on the first Monday of July, 1847.

Section 460 is not unconstitutional. It is merely a provision extending the time for bringing an appeal. It affects the remedy only.

Where the collection of costs is coerced, and the payment is not voluntary, it does not deprive the party paying them of his right of appeal.

*St. Lawrence General Term, September,* 1849.—PAIGE, WILLARD and HAND, Justices.—Motion by the defendant, Newbury, to dismiss an appeal brought by the plaintiff to the general term of the Supreme Court, from a final decree made in the cause by Justice Gridley, on the second Monday of December, 1847, dismissing the plaintiff's bill with costs.

The appeal was brought on the 29th of June, 1849, under the 460th section of the amended code. A copy of the decree was served by the defendant on the plaintiff, by mail, on the 22d of January, 1848. The suit was commenced before the Chancellor in 1845. The plaintiff applied for a rehearing at a general term of the Supreme Court held at Watertown, in July, 1848. The application was denied, on the ground that a notice of the application for a rehearing was not served within the 30 days required by the 78th rule of the court; and that the plaintiff had not complied with the conditions imposed by the 7th section of the supplemental code. The defendant, on the 8th of February, 1849, issued an execution upon the decree for his costs, and collected them of the plaintiff.

PAIGE, Justice.—It is insisted by the counsel for the defendant, that the plaintiff's appeal is not authorized by the 460th section of the amended code, because the suit was not pending in the Supreme Court on the 1st day of July, 1847. The 460th section provides that "an appeal may be taken from any final decree entered upon the direction of a single judge in any suit in equity, pending in the Supreme Court on the 1st day of July, 1847, within ninety days from the time this act shall take effect; but this section shall not apply to cases where a rehearing has already been had or ordered, and such appeal shall be taken in the manner provided in sections 327 and 348." On the 1st day of July, 1847, this suit was pending in the Court of Chancery, not in the Supreme Court. The suits pending in the Court of Chancery were not transferred by the new constitution to the present Supreme Court until the first Monday (which was the 5th) of July, 1847. (Const., art. 14, § 6.) If we, therefore, adhere strictly to the words of the 460th section of the amended code, an appeal can not be taken from the final decree in this suit, nor, under this section, from any such decree in any other suit in equity, as no suit in equity was pending in the Supreme Court on the 1st day of July, 1847. If we give the section a strict construction, we render it entirely nugatory, as it will apply to no decree whatever. No person who reads the section can doubt, for one moment, that the Legislature intended, in adopting the section, to allow an appeal to be taken from a final decree made by a single judge in any and every suit in equity pending in the Supreme Court on the first Monday of July, 1847, where a rehearing had not already been had or ordered. The words "the first day of July" were evidently, through inadvertence or mistake, substituted for the words "the first Monday of July."

It is a fundamental and familiar rule in the construction of a statute, that such a construction should be given to it as will best answer the intention the makers had in view. This intention may be collected from the cause or necessity of making the statute. (Bac. Stat. I. 5.) And whenever this intention can be discovered, it should be followed with reason and discretion in the construction of the statute, although such construction may seem contrary to the letter of the statute. The cause and necessity of the 460th section of the amended code was the loss of the right to a rehearing in suits in equity pending on the first Monday of July, 1847, by a neglect of the parties to comply with the rules of the court, or the requisitions of section 7, of the supplemental code. And it was undoubtedly the intention of the Legislature to restore this right by allowing the parties to take an appeal within ninety days from the time

the amended code took effect; or, in other words, by extending the right of appeal for the period of ninety days from that time. Such a construction ought to be put upon a statute as will not suffer it to be eluded. (Bac. Stat. 1, 10.) Unless we construe section 460, as applying to suits pending in the Supreme Court on the 1st *Monday of July*, 1847, it will not only be eluded, but it will be a dead letter. To give it a different construction, will be imputing to the Legislature the folly of gravely enacting a provision, which has no application to any person or thing in existence, and which when enacted, will remain an unmeaning, useless incumbrance upon the statute-book. Respect for the law-making power forbids such an imputation. The question presented to us on the construction of this section of the code, it strikes me is too plain to admit of discussion. I entertain no doubt, not only that the Legislature intended that section 460 should be applicable to all suits in equity pending in the Supreme Court on the first Monday of July, 1847, but that we have the right, and are required to give such a construction to that section.

This suit was pending in the Supreme Court on the first Monday of July, 1847. The final decree was made after that day. (1 Comstock's Rep. 608.)

The collection of the costs from the plaintiff having been coerced by means of an execution, does not deprive the plaintiff of his right of appeal. The payment of the costs was not voluntary, but wholly compulsory.

Section 460 of the amended code was not unconstitutional. It was merely a provision to extend the time for bringing an appeal. It affected the remedy only, it did not impair the obligation of contracts or take away a vested right. (1 Hill, 328–9; 3 Peters, 280; 8 do. 110; 11 do. 420; 2 do. 414; 2 Yerg. 125; 10 Shepl. 310; 1 McLean, 35; 5 Howward's Miss. 285; 4 Watts & Serg. 218; 6 Shepl. 109; 5 Burr, 145; 4 Gil. 221.) The case of *Calder* v. *Bull*, (3 Dallas, 386,) is an express authority in affirmance of the constitutionality of the 460th section of the amended code. In that case, the right of appeal had been lost, and the Legislature of Connecticut passed a law setting aside a decree of the Court of Probate for Hartford county, and authorizing a new hearing of the case and an appeal to the Superior Court; and the Supreme Court of the United States held that the act was constitutional. It is universally conceded that statutes of limitation, which prolong or shorten the period within which an existing remedy may be enforced are constitutional. (1 Hill, 328.)

The 460th section of the amended code extending the time for bringing an appeal, is not more objectionable than the supplemental code

which limited the time for applying for a re-hearing to ten days; thereby repealing that part of the Judiciary Act of 1847, which allowed an application to be made for a re-hearing without any limitation as to time.

The latter clause of section 460, which denies an appeal to cases where a re-hearing has already been had or ordered, has no application to this case. Here no re-hearing has been either had or ordered. A re-hearing was applied for, but the application was denied.

The motion to dismiss the plaintiffs' appeal must be denied with $10 costs.