## WILLARD v. HARVEY & a.

It is the practice for the clerk to extend the judgments of the courts from the minutes and papers on file, whenever that becomes necessary, at any time.

A copy of such extended record, duly authenticated, when incidentally in question, furnishes incontrovertible evidence of the existence and of the form of the judgment.

Such record may be amended by leave of the court, if there is occasion, upon a proper application.

The constitutional provision which forbids retrospective legislation, does not ordinarily apply to statutes affecting the remedy alone.

If a statute affecting the remedy, will, in a particular case, operate to change or defeat the right, it will be held not to apply in such case.

A statute prescribing a new limitation, where none existed before, is not unconstitutional, though a part of the time limited may have, in a particular case, expired before its passage, if a reasonable time remains to bring an action.

DEBT, on a judgment recovered by the plaintiff against the defendants, at the superior court for the county of Cheshire, on the first Tuesday of October, 1830.

The writ is dated February 21st, 1851. At March term, 1851, the defendants pleaded—

1st. *Nul tiel record;* to which the plaintiff replies that there is such record. 2d. That the cause of action did not accrue within twenty years before the commencement of the plaintiff's suit. To this plea the plaintiff demurs, and the defendants join in demurrer. 3d. Payment; upon which issue is joined.

It is agreed that no record was ever made of the case in the superior court until September term, 1851, though the usual entry of judgment was made upon the docket: that S. Hale, Esq., who was the clerk of said court in 1830, resigned his office in 1833, and has not held the office since. In September, 1851, an extended record of the judgment was made by Mr. Hale, from the entries upon the dockets and the original writ and other papers on file. This record was made by leave of the court, granted on application of the plaintiff, at September term, 1851, against the objections of the defendants. An execution was issued against the defendants on the 18th October, 1830, returnable on the first Tuesday of April, 1831, upon which the defendant, Johnson, was arrested; but, on application to the proper officers, he was discharged before the return day of the execution, and within twenty years before the commencement of this action. The execution was returned to the clerk's office unsatisfied.

If the court should be of the opinion that the record made in September, 1851, is sufficient to prove the first issue, and that the defendant's second plea is insufficient, judgment was to be rendered for the plaintiff, unless the defendant should elect to go to the jury on the issue on the third plea; but if the opinion of the court should be in favor of the defendants on the first or

second plea, then judgment to be rendered for them, or other proper order made.

*Chamberlain,* for the defendants.

1. The judgment is declared on as being rendered on the first Tuesday of October, 1830. It is not alleged in the declaration that any execution was ever issued. The writ is dated more than twenty years after the supposed judgment. The statute of limitations is a good plea. An *action accrued* at the time of the rendition of the judgment. A suit might have been made upon it from that time. The demurrer admits the truth of the plea; and as the pleadings stand, the only question is, whether this is a good plea to an action on a judgment recovered prior to the Revised Statutes, chap. 181, § 5. In other words, did the legislature intend that this part of the statute should not be in force until twenty years from its passage? We say that the plea is good. The statute only affects the *remedy.*

2. We claim a judgment on the plea of *nul tiel record.* At the time it was filed, it was true to the letter. There was no record of a judgment, as the plaintiff had declared. The pleadings were filed March term, 1851, and no record existed in any form until six months afterwards. We say it was not competent for the court below, at a subsequent term, to authorize a record to be made of the proceedings of another tribunal, and thereby to *create* for the plaintiff a cause of action, which did not exist when this suit was commenced and when the pleadings were closed.

Mr. Hale, who made the record in 1851, held no office, and had held none for nearly twenty years. He was not acting under oath or under bonds. He was not qualified to certify a copy of the record which he had just undertaken to make. It seems to us that no record can be given in evidence as such, unless it is made by a person acting under the sanction of an *official oath,* and that it would be preposterous to suppose that a valid *original record* can be made by a person who cannot *certify a copy.*

The rule in Massachusetts and elsewhere, as we understand,

Willard *v*. Harvey.

is in accordance with this principle ; that is, that the person making the record must be in office at the time; and if the question were an open one here, we should with great confidence contend that it was the correct one. Parties have a controversy ; they have rights which ought not to be affected by the introduction of facts which have been manufactured *since the suit was commenced*, and for *this very purpose*, and without which the plaintiff has no case at all.

We do not admit that there is any equity in the plaintiff's case requiring the exercise of this discretionary power of the court. There are facts in this case which the defendants are excluded by the rules of law from showing, proving that this very judgment was obtained by the greatest injustice. Why should the defendants be excluded from shewing *these* facts, and the plaintiff at the same time be permitted to *manufacture* a fact, without which he cannot proceed at all ?

The plaintiff, if he has not permitted his remedy to be lost by lapse of time, may perhaps have a remedy against the clerk, whose duty it was to enter up judgment.

It seems to us that there is another limitation to the discretionary power which the court ought to exercise in such matters; that is, in reference to *time*. In New Hampshire, twenty years settles almost every thing, real and personal, matters of record and under seal. Twenty years is considered the period of repose ; and after this lapse of time it seems to us that it would be an injudicious exercise of judicial discretion to permit a direct record to be made, giving to parties a right of action which for so long a period they had suffered to slumber.

The providential circumstance that the person who was clerk in 1830 is still *living*, should make no difference. The plaintiff's right of action is *dead*, and it is against good policy that it should be resuscitated.

*Wheeler & Faulkner*, for the plaintiff. The demurrer was well taken. This case is to be governed, not by the Revised Statutes, chap. 181, § 5, but by the common law in force at the

time the judgment was rendered. By the common law rule of limitations, the lapse of twenty years was not a bar to the action, but raised a presumption of payment, open to be rebutted by the evidence.

The plaintiff, in considering the sufficiency of this plea, relies upon the following authorities: *Oswald* v. *Leigh*, 1 D. & E. 270; *Cottle* v. *Payne*, 3 Day's Rep. 287; Stat. 3 and 4, Will. IV., chap. 42, § 3; Rev. Stat. 230, § 1; *Tibb* v. *Clark*, 5 Munroe 526; *Flullong* v. *Winter*, 19 Ves. 196; *Sayre* v. *Wisner*, 8 Wend. 661; *People* v. *Supervisors of Columbia Co.*, 10 Wend. 363; Bill of Rights, § 23; *Woart* v. *Winnick*, 3 N. H. Rep. 481; *Dow* v. *Norris*, 4 N. H. Rep. 16; *Dash* v. *Van-Kluck*, 7 Johns. 447; *Fairbanks* v. *Wood*, 17 Wend. 329; *Society* v. *Wheeler*, 2 Gall. 139.

2. The action of the former clerk was but an amendment of the records of the court for October term, 1830, by leave of the court. The amendment was properly allowed, and was within the powers constantly exercised by the courts of this State. *Chamberlain* v. *Crane*, 4 N. H. Rep. 115. The proper person to make the amendment was the clerk who was in office at the time the judgment was rendered. *Gibson* v. *Bailey*, 9 N. H. Rep. 168.

BELL, J. It is much to be regretted that the system which once existed in the Province and State of New Hampshire, of recording fully and at length the judgments of all the courts of higher jurisdiction, should have been permitted to fall into disuse. But it is well understood that for many years no other record of the ordinary judgments at common law was preserved than the minutes of the proceedings from term to term, as made on the dockets of the court, and the files of original papers used in the progress of the cases. In particular cases, from their supposed importance, or other motive, judgments have been recorded at length, and an extended record is, of course, required to be made in cases where the judgment is the foundation of a new action, or it is to be used in evidence. The practice, we

believe, is uniform, and has been too long continued to be now brought in question, for the clerk of the court, when he is applied to for a copy of such record, to extend the record from the process and pleadings on file, and from the minutes and entries upon the dockets, and then to make and certify copies of the record so extended. We understand that it has not always been supposed to be necessary to make an extended record ; but a copy is made of the record supposed to exist in legal intendment, and certified as such, without the labor of first making an original. This practice seems to us dangerous, and one which ought not to be tolerated. The extended records and copies are made by the clerks, as a matter in the ordinary course of their official duties, unless from some defect of the minutes, or files, the materials for a perfect judgment are not found, in which case it is necessary to make application to the court for leave to amend the minutes, or supply the papers which are deficient.

The record thus extended is deemed by the court the original record. And no question will be allowed to be incidentally made in relation either to the existence or the form of such record, when a copy duly authenticated is produced in proof. If the copy, as certified by the clerk, is believed to be incorrect, or if the extended record is wrong by any mistake of the clerk, the court, upon a proper application, supported by proof, will correct the record, or direct it to be amended, and the copies to be conformed to it in its amended form.

Ordinarily, the records of judicial tribunals are corrected only by themselves ; and where the records of a court which is no longer in being are by law kept with the records of an existing court, the correction of such records properly belongs to the court in whose custody they are legally deposited.

It is not necessary to say that any court has not authority to order an amendment of any record, where it is necessary to prevent injustice ; but it is not usual for a court to interfere with the records of a superior tribunal, unless under very special circumstances—certainly, not until a proper application has been made to the superior court to amend its own records.

Willard *v.* Harvey.

In the present case, we are of the opinion that it was not necessary to apply to the court of common pleas for an order to record the judgment in question, and that the record is to be regarded as made by the present clerk, in the exercise of his ordinary official power. The order of the court, and the drawing up the judgment in fact by the former clerk, are facts of no importance.

The occasion for copies of judgments to be used in evidence may arise at any period after they are rendered, and they are, of course, to be made whenever they are required, from the records and files. Of course, there is nothing in the objection urged by the defendant, that the judgment ought not to be extended after the lapse of twenty years.

The copy of a record, duly authenticated by the clerk, is conclusive evidence of the existence, as well as of the form and effect of a judgment, when it comes incidentally in question, as if it is offered in evidence upon the plea of *nul tiel record;* and of course the issue upon that plea must be decided for the plaintiff.

At common law, there was no limitation of time prescribed for actions of debt on a judgment. Before the Revolution, no statute had been made in England prescribing any such limitation; and until the passage of the Revised Statutes, in December, 1842, no statute had been passed here prescribing any limitation of such suits.

It was provided by chap. 181, sec. 5, of the Revised Statutes, that " actions of debt, founded upon any judgment or recognizance, or upon any contract, under seal, may be brought within twenty years after the cause accrued, and not afterwards."

The judgment in question here was rendered on the 14th of October, 1830, twelve years before the passage of the Revised Statutes; and this action was commenced February 21st, 1851; over twenty years from the rendition of the judgment. The plea alleges that the cause of action did not accrue within twenty years next before the commencement of the plaintiff's suit, and this allegation is admitted to be true by the demurrer. The

action must be held to be barred by the lapse of the period of limitation, if the Revised Statutes apply to and govern a case of this kind.

It is contended that this provison of the Revised Statutes does not apply to this case, because to give it that effect would be in conflict with the 23d section of the Bill of Rights of the Constitution of New Hampshire, which declares that "retrospective laws are highly injurious, oppressive, and unjust. No such laws, therefore, should be made, either for the decision of civil causes or the punishment of offences." It is settled here, that a law which prescribes new rules for the decision of existing causes, so as to change the ground of the action or the nature of the defence, is prohibited by this provision; and, therefore, that a repeal of the statute of limitations is a retrospective law, as to all actions then pending, and which are then barred by the statute; *Woart* v. *Winnick*, 3 N. H. Rep. 481; and that a law operating retrospectively upon an existing cause of action, when no suit is pending, is equally prohibited. *Dow* v. *Norris*, 4 N. H. Rep. 16; and that every statute which takes away or impairs vested rights acquired under existing laws, or creates a new obligation, or imposes a new duty, or attaches a new disability in respect to transactions or considerations already past, must be deemed retrospective. *Ibid.*, and *Society* v. *Wheeler*, 2 Gall. 139, there cited; *Roby* v. *West*, 4 N. H. Rep. 287; *Clark* v. *Clark*, 10 N. H. Rep. 380.

The single question here is, whether the statute limiting the right of action to twenty years after the right accrues, is to be deemed restropective so far as it applies to cases where a part of the period of limitation had elapsed at the passage of the statute. It is contended that the statute must be construed as having only a prospective operation, so that it can have no application except in cases where the entire period of limitation has elapsed after the statute took effect.

In *Clark* v. *Clark*, 10 N. H. Rep. 380, this subject was incidentally considered by *Parker, C. J.* He says, "a law may be retrospective in its operation, if it affect an existing cause of

action, or an existing right of defence, by taking away or abrogating a perfect existing right, although no suit or legal proceeding then exists. Of course, it is not intended to deny the right of the legislature to vary the mode of enforcing a remedy, or to provide for the more effectual security of existing rights, or to pass laws which change existing rules, under which rights would be acquired by the lapse of a certain period of time, part of which has already elapsed. The statute of limitations may be changed by an extension of the time, or by an entire repeal, and affect existing causes of action which by the existing law would be barred. In such cases the right of action is perfect, and no right of defence has accrued from the time already elapsed. But if a right has become vested and perfect, a law which afterwards annuls or takes it away, is retrospective."

The principle thus suggested may be considered, perhaps, as in effect that the statute of limitations may be extended or repealed, and we think, by parity of reason, varied, or a new limitation introduced, when such change does not affect or destroy any vested rights. If the plaintiff has a vested right to commence an action, that right cannot be taken from him, but he may be required to exercise his right within a limited time, or be afterwards barred.

The broadest construction of the constitutional rules which forbid retrospective legislation, would require that all statutes affecting in any way a civil cause, must be so entirely prospective, that no new rule could be applied in the decision of a cause which did not exist when the right of action accrued. But a construction so broad as this could not be reasonably held, since the effect would be that no change could be made in the courts or course of justice which would affect the actions or causes of action then existing.

The courts, therefore, have everywhere recognized a distinction between statutes affecting rights, and those affecting remedies only. The rights of parties cannot be changed by legislation; but no party has a vested right to any particular remedy. *Shaw, C. J.,* 6 Pick. 508. This distinction is discussed by

*Story, J.,* (Story Const. 236 ;) and the cases decided in the U. S. courts, there collected. The result of the numerous decisions to be found there, and in the Reports of the several States is, that a statute which changes or modifies the remedy of a party for the recovery of his claim, which limits or restricts the process by which it is to be enforced, or changes the tribunal by which it is to be heard, or reduces or enlarges the time within which the action must be prosecuted, is not within the prohibition of the Constitution as a retrospective law, so long as it leaves to the party, practically, a suitable remedy to enforce his rights before a tribunal properly constituted, and with proper process to afford him redress. But if a law, though in form applying to the remedy only, *practically* deprives either party of any vested right, either of action or defence, it is unconstitutional and void.

Courts may be changed; one may be abolished and another substituted; or the jurisdiction may be transferred. *Wales* v. *Belcher,* 3 Pick. 508; *Commonwealth* v. *Phillips,* 11 Pick. 28 ; *Commonwealth* v. *Hampden,* 6 Pick. 501.

The process may be changed, as by abolishing arrests for debt. *Stocking* v. *Hunt,* 3 Denio 274 ; *Hope* v. *Johnson,* 2 Yerg. 125 ; *Gray* v. *Monroe,* 1 McLean 528; *Woodfin* v. *Hooper,* 4 Humph. 13 ; *Fisher* v. *Lackey,* 5 Blackf. 373 ; *Reed* v. *Bank,* 10 Shep. 318 ; *Bank* v. *Langworth,* 1 McLean, 35 ; *Bank* v. *Freese,* 6 Shep. 109.

New parties may be authorized to maintain suits, as executors, heirs, assignees, &c. *Wilbur* v. *Gilman,* 21 Pick. 250 ; *Harlan* v. *Sigler,* 1 Mor. 39 ; *Crawford* v. *Bank,* 7 How. U. S. 279 ; *Holyoke* v. *Hoskins,* 9 Pick. 259.

The action may be changed ; as by substituting case for debt or trespass ; or proceedings at law for those in equity, or *vice versa. Paschall* v. *Whitsett,* 11 Ala. 472 ; *Thayer* v. *Seavey,* 2 Fairf. 284; *Bartlett* v. *Lang,* 2 Ala. 401 ; *Woods* v. *Bruce,* 5 How. Miss. 285. New rules of evidence or practice may be established. *Kendall* v. *Kingston,* 5 Mass. 520 ; *Knight* v. *Dorr,* 9 Pick. 48 ; *Ballard* v. *Ridgely,* 1 Mor. 27 ; *Ingraham* v. *Dooley,* 1 Mor. 28 ; *Lane, apt.,* 3 Met. 213 ; *McWilliam* v.

*Sprague*, 4 How. Miss. 647; *Fales* v. *Wadsworth*, 10 Shep. 553.

New final process may be established or substituted. *Bemis* v. *Clark*, 11 Pick. 452. New modes of executing such process, or of preserving their lien, new exemptions of property and new modes of relief from imprisonment, may be provided; *Sommers* v. *Johnson*, 4 Ver. 269; *Tripley* v. *Hanser*, 9 S. & M. 310; *Newton* v. *Tibbats*, 2Eng. 160; *Bronson* v. *Newbury*, 2 Doug. 38; *Rockwell* v. *Hubbell*, 2 Doug. 197; *Read* v. *Fulham*, 2 Pick. 158.

And of none of these things has a party any right to complain, as violations of the Constitution, so long as the laws leave to him a competent court, bound to administer justice to him according to the rights the law gave him when his right of action or defence became vested, with means and.powers to accomplish its duties, and suitable process of which the party may avail himself.

It may be deemed settled, that a bar, under the statute of limitations, once established, is a vested right, of which a party cannot be deprived by legislation. *Briggs* v. *Hubbard*, 19 Ver. 86; 3 H. N. Rep. 481; and that a statute which should attempt to establish a new limitation, so that a right of action then vested and perfect will be taken away at once, so that no action can be afterwards maintained upon it, is retrospective and void as to all rights of action so affected. *Bruce* v. *Schuyler*, 4 Gilm. 221; *Maltby* v. *Cooper*, 1 Mor. 59; 4 N. H. Rep. 16; 2 Gall. 139; 4 N. H. Rep. 287; 10 N. H. Rep. 380.

And this rule, we think, must be equally applied to all those cases where, though the statute does not in terms interpose an instantaneous bar, yet the time of limitation is made so short that practically the party is deprived of the right to which he is by law entitled.

What limitation is thus short in practice must, of course, be determined upon the circumstances of each case. In all such cases it must be understood that no legislature could have intended to violate the Constitution, or to tread under foot the great principles of justice. And such a proviso, limiting the con-

struction of the statute, must be implied as will prevent injustice, and give to all parties a reasonable opportunity for the prosecution of their rights. *Briggs* v. *Hubbard*, 19 Ver. 86; *Dash* v. *Van Kluck*, 7 Johns. 477.

Subject to these qualifications, the statutes of limitation may be changed at the pleasure of the legislative power, either by enlarging or restricting the period within which suits may be brought; and it is wholly immaterial whether the time of limitation has already expired in part or not, provided a sufficient time remains before any claim in question becomes barred, to enable the claimant by the use of reasonable diligence to save his claim by a suit. *Smith* v. *Morrison*, 22 Pick. 430; *Call* v. *Hagger*, 8 Mass. 423; *Pearce* v. *Patton*, 7 B. Mon. 162; *Beal* v. *Nason*, 2 Shep. 344.

As there can be no doubt that this statute allowed ample time to the plaintiff to bring his action, the objection he takes to the second plea cannot prevail, and there must be judgment on the demurrer for the defendants.