ROBERT WILMARTH & others *vs.* LEWIS H. BRIDGES & others.

A testator devised to his wife the use and improvement of his real estate during her life, and to one of his daughters, "should she survive her parents," "the use and improvement of all my real estate " "so long as she chooses personally to occupy and improve the same," but "whenever " she "shall cease personally to occupy and improve any portion of said estate," "the whole shall be divided among my children." Upon a petition for partition brought after the death of the widow and of the daughter, *Held*, that the widow and the daughter took life estates; that the remainder vested at the testator's death in the children, and could be devised by them during the continuance of the life estates; but that, as a son who died during the life of the daughter was never seised, or entitled to the immediate seisin, of his share, his widow was not entitled to dower therein.

PETITION FOR PARTITION of land in Georgetown. Trial by jury was waived in the Superior Court, and the case was heard by *Brigham*, C. J., who found the following facts.

The petitioners and the respondents claimed title in the premises described in the petition under the will of Ezra Wilmarth · the material portions of which were as follows :

" I give and bequeath unto my beloved wife, Mary, should she survive me, the use and improvement of all my estates, both real and personal, during her natural life, and whatever she may need for her comfortable support, or necessary repairs on the

buildings. At the decease of my wife, should she survive me, or at my own decease, should I survive her, I will that whatever personal estate may remain shall be equally divided among my following named children, viz. : Philander C. Wilmarth, Mehitable C. Averill, Louisa C. Wilmarth Brocklebank, Ezra Wilmarth, Jr., Orissa B. Foster and Emily N. Spofford; excepting what household goods may remain.

"I give and bequeath unto my daughter, Mary A. Bridges, should she survive her parents, in view of her misfortunes, present circumstances, and her attention to and care of her parents, the use and improvement of all my real estate and what household goods may remain, so long as she chooses personally to occupy and improve the same ; on condition of her keeping the building in repair and paying the taxes and cost of insurance ; unless and until some other of my daughters shall unfortunately need an asylum, in which case, it is my will that she shall relinquish a portion of the premises or the use and improvement of them, in proportion to the relative need of the said unfortunate daughter to occupy and improve on the same conditions, viz. : to keep that portion of the buildings in repair and pay the taxes and cost of insurance.

"It is my will, that, whenever my said daughter, Mary, shall cease personally to occupy and improve any portion of said estate, that the whole shall be divided among my children ; my two sons to receive, each before named, a double portion, or twice as much as each of my daughters."

Ezra Wilmarth died November 28, 1846, and Mary Wilmarth, his widow, died February 8, 1864. Their issue were Mehitable C. Averill, who died February 1, 1847, without issue ; Orissa B. Foster, who died May 4, 1869, without issue ; Emily N. Spofford, who died August 8, 1869, without issue ; Philander C. Wilmarth, who died March 4, 1861, leaving issue ; Ezra Wilmarth, Jr., who died May 31, 1872, leaving issue ; Mary A. Bridges, who died July 29, 1872, leaving issue ; and Louisa C. Brocklebank, one of the respondents.

The petitioners were William C. Wilmarth, Abel Wilmarth, and Susan Brooks, children of Philander C. Wilmarth; Robert

Wilmarth and Charlotte E. Wilmarth, children of Ezra Wilmarth, Jr. ; Charlotte Wilmarth, his widow ; and Ida L. James, Emily S. Perkins, Mary E. A. Lane, and James H. Page, children of Mary A. Bridges.

The respondents were Lewis H. Bridges, the husband of Mary A. Bridges, and Louisa C. Brocklebank.

Mary Wilmarth, the widow of Ezra Wilmarth, occupied the premises from the death of her husband, until she died, February 8, 1864, when said Mary A. Bridges entered into the occupation of the premises, personally occupying a part of them, and one Edgehill, as her tenant, occupying a part, for about a year prior to June 26, 1872, when she caused to be served on Greenleaf Spofford, the executor of Ezra Wilmarth's estate, the following notice :

" The undersigned, being a legatee under said will, does hereby give notice, that, from and after the date hereof, she shall cease personally to occupy or improve a certain portion of the real estate of which she was given the use and improvement, under said will, so long as she personally chose to occupy and improve the same ; to wit, the second story of the dwelling-house, situated on North Street, in said Georgetown, the lower story of which is now occupied by myself and my family ; and I do hereby relinquish and give up all my right and authority to occupy and improve, under the will aforesaid, the second story of said dwelling-house."

Mary A. Bridges, after the service of this notice, (upon which said Greenleaf Spofford did not act,) continued to occupy that part of the premises then occupied by her, until her death, July 29, 1872. Mary A. Bridges caused the notice to be served, with a purpose that thereby the provision of Ezra Wilmarth's will for the division of the estate among the children should take effect, and with the purpose of making a will, which she subsequently made, devising all her interest in the premises to her husband, the respondent, Lewis H. Bridges, by whom she had no issue born alive. Ezra Wilmarth, Jr., by his will, executed on May 30, 1872, devised all his interest in the premises to the respondent, Louisa C. Brocklebank, to hold the same in trust for his daughter, Charlotte E. Wilmarth.

The respondents requested the court to rule and to find, upon the legal effect of the above facts, and the court did so rule and find, that, of the petitioners, Robert Wilmarth and Charlotte E. Wilmarth, claiming partition of the premises, in the right of their father, Ezra Wilmarth, Jr.; Ida L. James, Emily S. Perkins, Mary E. A. Lane and James H. Page, claiming partition of the premises in the right of their mother, Mary A. Bridges; and Charlotte Wilmarth, claiming partition of the premises as widow of Ezra Wilmarth, Jr., were none of them seised of any part of the premises, and were not entitled to maintain the petition; that, on the successive deaths of Mehitable C. Averill, Orissa B. Foster and Emily N. Spofford, the surviving brothers and sisters of each of them, as each died, acquired, in equal shares, vested interests in the interest of each deceased sister, in the premises; and that the petitioners William C. Wilmarth, Abel Wilmarth, and Susan Brooks, were each seised of eleven undivided one hundred and eighth parts of the premises and of no more; that the respondent Louisa C. Brocklebank was seised of seven undivided thirty-sixth parts of the premises, and of no more in her own right, and of eleven undivided thirty-sixth parts of the premises and of no more, in trust for Charlotte E. Wilmarth, under the will of Ezra Wilmarth, Jr.; and that the respondent Lewis H. Bridges was seised of seven undivided thirty-sixth parts of the premises and no more, in his right of devisee of Mary A. Bridges, his wife; and thereupon the court ordered judgment for partition in conformity with this ruling and finding, and the petitioners alleged exceptions.

*L. M. Child,* for the petitioners.

*J. P. Jones,* for the respondents, was not called upon.

GRAY, C. J. By the will of Ezra Wilmarth, his widow took an estate for life in all his real property; and the interest given to his daughter Mary therein, though subject to be terminated by her ceasing to occupy, was also a life estate. *Plympton v Boston Dispensary,* 106 Mass. 544, 548. The remainder expectant upon these two life estates was, by the express terms o. the will, to be divided among all the testator's children, including his two sons and each of his daughters. This devise in remainder

of the real estate is not limited, like the bequest of the personal property after the death of the widow, to the other children by name, excluding Mary, but includes her as well as them. The persons who were thus to take were ascertained at the death of the testator, and each of them took a vested remainder at that time, and might dispose of it by deed or devise. *Pike* v. *Stephenson,* 99 Mass. 188. *Bowditch* v. *Andrew,* 8 Allen, 339. It follows that Mary's share in the remainder passed by her will to her husband, and the share of Ezra Wilmarth, Jr., by his will to Louisa C. Brocklebank. As said Ezra was never actually seised nor entitled to the immediate seisin of this share, his widow has no right of dower therein. *Eldredge* v. *Forrestal,* 7 Mass. 253. *Blood* v. *Blood,* 23 Pick. 80.

*Exceptions overruled.*