## JOHN B. DAYTON, PETITIONER.

Middlesex, June, 1904.

*Dower — Tenancy in Common — Voluntary Partition — Joint Tenancy.*

In this case the Examiner reports the title as subject to dower. The property was part of a large tract held by two tenants in common who made a voluntary partition by deed, there being no release of dower on the part of the wife of the petitioner's co-tenant. She had no dower however. Potter *v.* Wheeler, 13 Mass. 504. (1816.) Perhaps this case is so old that conveyancers are apt to overlook it. At all events the question has several times been raised by Examiners and parties. Aside from Potter *v.* Wheeler however, there would seem to be no doubt about the law. Dower is always subject to any incident which attaches to the husband's estate. Such an incident is the liability to partition, and " there seems to be no good reason why a voluntary performance of an act to which a party is compellable by law should not have the same effect as if produced by compulsion." Potter *v.* Wheeler, *supra;* Flynn *v.* Flynn, 171 Mass. 312.

A somewhat similar question has been several times presented as to release of dower where there is a joint tenancy. Here again the only available case in our reports is even older than Potter *v.* Wheeler and is to the effect that the wife of a joint tenant is entitled to her dower. Holbrook *v.* Finney, 4 Mass. 566. (1808.) This case is well known for other matters covered by the decision, but the dictum as to dower under joint tenancy was confined to the peculiar tenancy which existed under the short lived statute of 1783

(chapter 52) abolishing the principle of survivorship among joint tenants, which was repealed by Chapter 62 of the Acts of 1785.

Mr. Crocker merely expresses the opinion that " it seems " that no release of dower is required in a deed from joint tenants. Notes on Common Forms p. 141. The principle is perfectly plain, however, that to support dower the husband must have been seized and physically possessed of an inheritable estate capable of producing rents and profits. A life estate, an estate not vested in possession though vested in interest, an estate the possession of which is not definite and permanent either by reason of its physical or legal character, will not support dower. Trumbull v. Trumbull, 149 Mass. 200; Wilmarth v. Bridges, 113 Mass. 407; Conner v. Shepherd, 15 Mass. 164; Woodman v. Sartwell, 129 Mass. 210.

The contingency of death is an incident of joint tenancy as to which the right of dower of the wife is subject equally with the estate of her husband upon which her right must be founded. The dower which the wife of the survivor may ultimately have, arises not through an estate in joint tenancy, but through an individual and definite estate of inheritance " for that the joint tenant which surviveth claimeth the land by the feoffment, and by survivorshippe, which is above the title of dower." Coke upon Littleton 37 b.

Decree for petitioner.