Hillsborough, Nov. 4, 1947. } No. 3679.

RALPH W. COLEMAN *v.* RALPH K. COLEMAN.

RALPH K. COLEMAN *& a. v.* RALPH W. COLEMAN *& a.*

*Sullivan, Dolan & Wynot* (*Mr. Wynot* orally), for the plaintiffs.

*Frederic J. Grady* and *Jacob B. Bagdoian*, of Massachusetts, (by brief) for the defendant.

Roderick Coleman filed no brief.

KENISON, J. The defendant elected not to take his distributive share in fee in his wife's estate "by releasing his estate by the curtesy and his homestead right" (R. L., c. 359, s. 13) and therefore retained his homestead right (R. L., c. 260, ss. 1, 2) and an estate by curtesy as "at common law." R. L., c. 359, s. 9; *Riel* v. *Press*, 70 N. H. 334. If a literal reading of the statute (R. L., c. 410, ss. 1, 25) permits partition between life tenants and remaindermen, we are bound by the construction placed upon it in 1923 in *Brierley* v. *Brierley*, 81 N. H. 133, 137, that there may be partition "only by persons holding with others estates of the same class," particularly since this statute was again reënacted without material change in 1925 (P. L., c. 354, s. 1 and in 1941, R. L., c. 410, s. 1). "Reënactment of a statute without change after its judicial interpretation constitutes a legislative adoption of such interpretation." *Attorney-General* v. *Hunter*, 92 N. H. 206, 208.

Since the above quotation represents but one of many aids in statutory construction, it is not to be considered as the exclusive or the conclusive basis for determining the issue presented in this case. Plaintiffs rely on the *dicta* in *Hanley* v. *Wadleigh*, 88 N. H. 174, 177, and *Knox* v. *Allard*, 90 N. H. 157, 163, wherein the court, without any reference to the *Brierley* case, cites the partition statute "as an

alternative proceeding" in the first case and as an alternative reason for its decision in the second case. Since partition was not considered by the Trial Court or argued by counsel and the statements were not necessary to the decisions, they may be said to be truly *dicta*. In any event they are superseded by the recent decision of *Curtis Inn, Inc.* v. *Pratte, ante,* 380, where the *Brierley* case was followed. "The partition prayed for and decreed was among remaindermen [and a consenting life tenant] and accordingly does not offend the principle of *Brierley* v. *Brierley*. . . . " In passing it may be noted that the Trial Court could not use the *Curtis Inn* case as a guide to its ruling made several months previously.

"Usually one cannot demand partition if he has merely an undivided interest in remainder upon an estate for life, in the absence of a statute to a different effect." 2 Tiffany, Real Property (3d *ed.*) s. 476. Our statute has been construed, in the absence of consent, to allow partition only among estates of the same class. Accordingly "as a tenant by the curtesy possesses the entire interest during his life, he is not entitled to partition. . . , nor can it be compelled against him" *Id.*, note, s. 475, *p.* 313.

The diversity of partition statutes and their construction elsewhere makes it hazardous to state with certainty any general rule which is followed in a majority of jurisdictions. 3 Simmes, Future Interests s. 659. There is, however, substantial support for the principles stated in *Brierley* v. *Brierley, supra.* 4 Thompson, Real Property (Perm. *ed.*) s. 1999; 2 Restatement, Property, *p.* 660. If "the interest of society at large in the free alienability of land is subserved" (Schnebly, Power of Life Tenant or Remainderman to Extinguish Other Interests by Judicial Process, 42 Harv. L. Rev. 30, 74) by allowing judicial and partition sales of the whole property on petition of anyone having an interest therein, explicit legislation is necessary. In view of the legislative and judicial history of partition in this state, we are not free to adopt such a view. Accordingly the plaintiffs as remaindermen may not compel a partition (R. L., *c.* 410, *s.* 1) or a partition sale "and the distribution of the proceeds" (R. L., *c.* 410, *s.* 25) as against the defendant's homestead and curtesy rights in the premises. See 159 A. L. R. 1129. This construction of R. L., *c.* 410 does not preclude the plaintiffs from seeking a partition or a partition sale among remaindermen subject to the defendant's interest.

*Exceptions sustained.*

All concurred.