Hillsborough, }
Dec. 5, 1950. }   No. 3971.

ELLA C. WALLACE *v.* LENA M. STEARNS & a.

*Warren, Wilson, Wiggin & Sundeen* and *Donald T. Gay (Mr. Gay* orally), for the plaintiff.

*Chretien & Craig (Mr. Craig* orally), for the defendants.

JOHNSTON, C. J.   The defendants claim that the plaintiff is barred from maintaining the present petition because of the decree of dis-

missal of August 12, 1949. It is not disputed that both petitions brought by this plaintiff are based upon the same facts. However a new remedy was given the plaintiff by chapter 266 of the Laws 1949. This statute added the following provision to the powers of the Superior Court in partition proceedings: "The holder in possession of a fee simple interest in such real estate may have partition, irrespective of the class or duration of the estate of any petitionee named in the action."

"Where the right to relief is denied because of the absence of any remedy, the judgment does not bar a new action after a change in the law providing a remedy." 2 Freeman, Judgments (5th *ed.*) 1506. It is stated in the decree of May 26, 1950, and in the present reserved case that the former petition was dismissed as a result of the decision of this court in *Coleman* v. *Coleman, supra.* The Presiding Justice was the same in the cases of both petitions. In other words, it was decided in the matter of the first petition that the court was without power to grant partition save in the case of "persons holding with others estates of the same class." *Brierley* v. *Brierley*, 81 N. H. 133, 137, followed in the *Coleman* case.

The fact that the new remedy given by chapter 266, of the Laws 1949 became available on June 22, 1949, whereas the first petition was not dismissed until August 12, 1949, does not deprive the plaintiff of the benefit of the new statute. A plaintiff's rights are ordinarily determined as of the commencement of his action unless the new right is brought to the attention of the court by supplemental pleadings or otherwise and is considered by it. "So far as the plaintiff is concerned, no doubt he is not estopped from asserting any title acquired after the commencement of the action, because he must generally recover upon the cause of action held by him at that time, and cannot be aided by rights of action arising afterwards." 2 Freeman, Judgments, (5th *ed.*) 1510. See also, *Yager* v. *Yager*, 7 Cal. (2d) 213. It appears that the provisions of chapter 266 of the Laws 1949 first became available late in the pendency of the first petition and were not called to the notice of the court in connection with that petition and were not considered by it in dismissing said petition.

The court was not precluded accordingly from giving effect to said chapter 266 of the Laws 1949 in deciding the case on the second petition. If valid, said statute authorizes partition under the circumstances of the plaintiff's case.

It is argued that the new statutory provision is unconstitutional because it is retrospective contrary to *Art.* 23rd of the New Hampshire

Bill of Rights. This article is as follows: "Retrospective laws are highly injurious, oppressive, and unjust. No such laws therefore, should be made, either for the decision of civil causes, or the punishment of offenses." It is true that the interests of the parties vested on the decease of their testator in 1943, some six years prior to the enactment of the new statute enlarging the powers of the Superior Court with respect to partition.

In *Simpson* v. *Savings Bank*, 56 N. H. 466, it was pointed out that a statute does not come within the ban of retrospective laws if it is remedial only, and is not highly injurious, oppressive or unjust. On page 471 of the opinion it is stated: "A law is not, then, necessarily within the prohibition of the twenty-third article of the bill of rights, because it looks back upon past transactions; it is not necessarily outside of the prohibition, because it affects the remedy; but if it affects the remedy only, and the court cannot see that it affects it injuriously, oppressively, or unjustly, the law should be regarded as constitutional and valid."

"The right of partition is a remedial right and should be construed liberally." 4 Thompson, Real Property (Perm. *ed.*) 489. To the same effect that this right is remedial in character and promotes the enjoyment of property are the following: *Black* v. *Producing Co.*, 105 Ohio St. 346; *Richardson* v. *Monson*, 23 Conn. 94; 16 C. J. S. 658. "The word 'remedial' is applied to those statutes which give a new remedy or which are intended 'to supply some defects or abridge some superfluities of the common law.' Bouvier's Law Dictionary (3d *rev.*) 2870." *Brindley* v. *Meara*, 209 Ind. 144, 149.

Moreover in the absence of testamentary restrictions on the right to partition it cannot be held that the new provisions of said chapter 266 of the Laws 1949 are highly injurious, oppressive or unjust. The mere fact that one or more defendants do not agree with the plaintiff that there may be partition, does not make the statute authorizing it of a character forbidden by said *Art.* 23. Any petition for partition may be disputed. The rights of all interested parties are protected judicially.

If the testator of the parties had desired that partition should be postponed for the life of the defendant Lena M. Stearns or for any other reasonable time, he could have so provided. 40 Am. Jur. 8.

*Exception overruled.*

All concurred.