Grafton,
No. 4842.

JOHN L. PUTNAM & a. v. GRACE M. DAVIS.

Argued November 1, 1960.

Decided December 27, 1960.

*William F. Batchelder* for the plaintiffs, furnished no brief.

*John H. Ramsey,* and *Upton, Sanders & Upton (Mr. Richard F. Upton* orally), for the defendant.

*McLane, Carleton, Graf, Greene & Brown* and *Robert A. Raulerson* as *amicus curiae.*

DUNCAN, J. In *Coleman* v. *Coleman,* 94 N. H. 456, it was held that under the partition statute then in effect (R. L., c. 410, s. 1) remaindermen were not entitled to demand partition against a co-tenant in remainder and the life tenant, because the latter held an estate of a class different from that of the plaintiffs. See *Brierley* v. *Brierley,* 81 N. H. 133; *Curtis Inn* v. *Pratte,* 94 N. H. 380.

The statute has since been amended by the addition of a sentence which permits partition against holders of estates of different classes or duration, at the instance of a "holder in possession of a fee simple interest." As thus amended, the controlling statute (RSA 538:1) reads as follows: "PARTIES. One or more persons, having or holding real estate with others, in possession, reversion or remainder, may have partition thereof as in this chapter provided. And the petitioner may, at his election, make a tenant for life or for years, or a tenant by the curtesy of the entire real estate or any part thereof, or whoever may be entitled to a contingent or vested remainder or reversion or any executory interest in the entire real estate or any part thereof, or any lien-holder on the entire real estate or any part thereof, a petitionee in the action. The holder in possession of a fee simple interest in such real estate may have partition, irrespective of the class or duration of the estate of any petitionee named in the action."

In *Wallace* v. *Stearns,* 96 N. H. 367, the statute was held by virtue of the amendment to permit partition by the owner of an undivided half interest in fee against the holders of a life estate and remainder in the other half interest.

The pending action presents the question of whether persons "holding real estate with [each other] in . . . reversion" may have partition against a life tenant, under the circumstances set forth in the defendant's offer of proof. That the defendant is a life tenant is not seriously disputed. The lease to her for an indefinite term, to last as long as she may desire to occupy the premises, created a life estate. *Wilmarth* v. *Bridges,* 113 Mass. 407; anno. 45 A. L. R. 2d 699, 707. See 2 Thompson on Real Property, s. 785. For the purpose of ruling upon her exception to exclusion of her offered proof, it must be considered that she is in actual possession and occupancy of the premises in question.

It is plain that partition would not have been available to the plaintiffs before the 1949 amendments, since their estates are of a class different from that of the defendant. *Coleman* v. *Coleman,*

*supra.* Hence their petition may be maintained only if as holders of a fee simple interest in reversion they are also "holder[s] in possession" within the meaning of the concluding sentence of the amended section.

The expression "holding . . . in possession" previously appeared in the first sentence of the section before amendment. It was there used to describe persons holding estates in possession, in contradistinction to persons holding estates of other classes, namely, in reversion or in remainder. 2 Tiffany, Real Property (3d *ed.*) *s.* 475. Reversions and remainders are commonly classified as future interests. While they are existing interests or estates, their privilege of possession is future and not present. 1 American Law of Property, *s.* 4.1, *p.* 408. "A reversioner has neither actual nor constructive possession, or the right to either, but has simply an estate in expectancy, the life-estate intervening." *Metcalfe* v. *Miller,* 96 Mich. 459, 462. See 19 Am. Jur. 465, Estates, *s.* 5; 31 C. J. S. 28, *s.* 15.

The 1949 amendment extended the remedy of partition to a "holder in possession" regardless of the class of the estate "of any petitionee named in the action." However the same remedy was not extended to holders of future estates, whether in reversion or remainder. Thus while the amendment would afford a right to partition to the defendant in this case as holder in possession, against the plaintiffs as holders in reversion, the remedy is not available to the plaintiffs who do not qualify as "holder[s] in possession." See Simes & Smith, Law of Future Interests (2d *ed.*) *ss.* 1768, 1769; 2 Tiffany, *supra, s.* 476. Their right to possession is necessarily postponed in enjoyment until determination of the particular estate held by the defendant. 19 Am. Jur. 465. It follows that although holders in reversion in fee the plaintiffs are not "holder[s] in possession" within the meaning of the statute.

This conclusion makes it unnecessary to consider the defendant's further argument that equitable principles require denial of the relief sought by the plaintiffs if the statute would permit maintenance of their petition, upon the grounds that the defendant cannot be restored to the position formerly occupied by her, and that the loss which she would suffer would be incapable of reparation in damages. *Eckstein* v. *Downing,* 64 N. H. 248, 258.

*Amicus curiae* has suggested that since the defendant's estate was conveyed to her by lease, the plaintiffs as "landlords" may claim to rely upon their "tenant's" possession in the right of the

landlord as constructive possession on their part, in order to meet the requirements of the amended statute. If land occupied by a tenant for years is said upon occasion to be in the "constructive possession" of the landlord as against third persons, we do not consider that the plaintiffs in this case can be considered in "constructive possession" of the premises occupied by the defendant life tenant, regardless of how her estate was created. "She had an estate in possession." *Metcalfe* v. *Miller, supra,* 461. Until her estate terminates the plaintiffs have only a future interest. See 73 C. J. S. 202, Property, *s.* 14 c. We do not consider that the amendment of 1949 was intended to permit landlords to terminate leases at their pleasure by partition. See *Second Realty Corporation* v. *Krogmann,* 235 F. 2d 510 (D. C. Cir. 1956). Such a purpose should not be ascribed to the Legislature in the absence of language which plainly indicates it.

*Exception sustained.*

All concurred.