Hillsborough
No. 83-461

## Paul Norton

v.

## Roland Patten

August 10, 1984

*Lloyd N. Henderson,* of Antrim, by brief and orally, for the plaintiff.

*Wadleigh, Starr, Peters, Dunn & Chiesa,* of Manchester (*Charles J. Dunn* and *Merrick C. Weinstein* on the brief, and *Mr. Weinstein* orally), for the defendant.

KING, C.J.   The plaintiff appeals from a decision of the Superior Court (*Pappagianis,* J.) dismissing his personal injury action. The trial court held that the statute of limitations on the plaintiff's claim had run, thus effectively barring his action. We affirm.

The plaintiff, Paul Norton, was injured in an automobile-bicycle accident on April 18, 1968, when he was six years old. New Hampshire law in 1968 provided that the age of majority in the State was twenty-one. A minor had until two years after having reached the age of majority to bring a personal injury action. RSA 508:8 ("an infant . . . may bring a personal action within two years after such disability is removed."). Under this law, the plaintiff could not have brought an action in his own name, for injuries sustained in the accident, until he reached the age of twenty-one on July 20, 1982. He then would have had two years from that date within which to bring an action.

In 1973, the New Hampshire Legislature abrogated "the common law rule that a person is a minor to the age of twenty-one" and, by statute, lowered the age of majority in the State to eighteen. RSA

21-B:1 (Supp. 1983); RSA 21:44 (Supp. 1983). The legislature did not, however, change the provisions of RSA 508:8. The plaintiff filed his action against the defendant, Roland Patten, to recover for injuries he sustained in the 1968 accident, by writ dated June 15, 1983. The plaintiff was twenty-one years old at the time.

The defendant filed a motion to dismiss the plaintiff's action. He maintained, in effect, that the revision in State law lowering the age of majority to eighteen should be applied to the plaintiff's case and therefore that the plaintiff's action should be barred by the applicable statute of limitations, RSA 508:8, which required the plaintiff to have brought his action prior to his twentieth birthday. The trial court dismissed the plaintiff's action, citing this court's decision in *Willard v. Harvey*, 24 N.H. 344 (1852).

On appeal, the plaintiff argues that the application of RSA 21-B:1 (Supp. 1983) and RSA 21:44 (Supp. 1983) to his cause of action *imposes a new obligation* upon him in violation of part I, article 23 of the New Hampshire Constitution, which prohibits retrospective laws. When read in conjunction with RSA 508:8, these statutes require him to bring suit earlier than he was required to do under the law in effect at the time his cause of action accrued, and do so, he contends, in the apparent and probable absence of an intent or even an awareness on the part of the legislature of their potential effect.

Part I, article 23 of the New Hampshire Constitution prohibits retrospective laws. It provides that: "Retrospective laws are highly injurious, oppressive, and unjust. No such laws, therefore, should be made either for the decision of civil causes, or the punishment of offenses."

In *Woart v. Winnick*, 3 N.H. 473, 479 (1826), this court set forth its definition of a retrospective law with respect to civil statutes when it adopted a definition given by Mr. Justice Story in an earlier federal case. The court stated that "'every statute which takes away or impairs vested rights, acquired under existing laws, or creates a new obligation, imposes a new duty, or attaches a new disability, in respect to transactions or considerations already past, must be deemed retrospective.'" *Id.* (quoting *Society v. Wheeler*, 22 F. Cas. 756, 767 (C.C.D.N.H. 1814) (No. 13,156)); *see Geldhof v. Penwood Associates*, 119 N.H. 754, 755, 407 A.2d 822, 823 (1979).

In order to determine whether the application of RSA 21-B:1 (Supp. 1983) and RSA 21:44 (Supp. 1983) to the plaintiff's case violates our State Constitution's prohibition against retrospective laws, we must examine these two statutes in conjunction with the provisions of RSA 508:8. The legislature by enacting RSA 21-B:1 (Supp.

1983) and RSA 21:44 (Supp. 1983), in effect, amended the limitations provisions of RSA 508:8 thereby shortening the period within which persons who are minors at the time of an accident may commence actions.

"[A] retrospective Statute does not contravene the provision of Art. 23d, Bill of Rights, N.H. Constitution, if it affects the remedy only and is not oppressive or unjust." *Pepin v. Beaulieu*, 102 N.H. 84, 89–90, 151 A.2d 230, 235 (1959); *see Gelinas v. Mackey*, 123 N.H. 690, 695, 465 A.2d 498, 501 (1983); *Wallace v. Stearns*, 96 N.H. 367, 369, 77 A.2d 109, 111 (1950). In *Willard v. Harvey*, 24 N.H. 344, 352 (1852), this court expressly held that "no party has a vested right to any particular remedy." By lowering the age of majority and thereby forcing the plaintiff to file his suit three years earlier, the legislature merely modified the plaintiff's remedy for the recovery of his claim. *See State v. Preston*, 119 N.H. 877, 880, 409 A.2d 792, 793–94 (1979); *Bourque v. Adams*, 93 N.H. 257, 259, 40 A.2d 582, 583–84 (1945).

This court in *Willard v. Harvey* stated that:

> "[A] statute which changes or modifies the remedy of a party for the recovery of his claim . . . or reduces or enlarges the time within which the action must be prosecuted, is not within the prohibition of the Constitution as a retrospective law, so long as it leaves to the party, practically, a suitable remedy to enforce his rights. . . ."

*Willard v. Harvey, supra* at 353. The court then went on to further explain that:

> "[S]tatutes of limitation may be changed at the pleasure of the legislative power, either by enlarging or restricting the period within which suits may be brought; and it is wholly immaterial whether the time of limitation has already expired in part or not, provided a sufficient time remains before any claim in question becomes barred, to enable the claimant by the use of reasonable diligence to save his claim by a suit."

*Willard v. Harvey, supra* at 355.

The plaintiff does not dispute the fact that he had sufficient time, subsequent to the amendment of RSA 508:8 on June 3, 1973, to save his claim by suit. He still had the full two-year period afforded by RSA 508:8 to all individuals upon the removal of their disability of minority within which to file his claim. He further had, unlike those individuals between the ages of eighteen and twenty-one on the

effective date of the amendment, whose limitations period began to run the moment their disability was removed, an additional seven years subsequent to the effective date of the amendment before his disability of minority was even removed and he could file an action in his own name.

The plaintiff also does not challenge the power of the legislature to enact constitutionally valid, retrospective statutes which solely affect a party's remedy. He does argue, however, that in the absence of a legislative intent to have a remedial change in the law apply retrospectively, or apply to issues subsequently litigated, the remedy should not be so applied by the court. The plaintiff contends that the legislature, in enacting RSA 21:B-1 (Supp. 1983) and RSA 21:44 (Supp. 1983), neither intended to affect RSA 508:8 nor even considered the possible effect of a reduction in the age of majority on the statute of limitations protecting minors.

▌▌▌ Where a law affects substantive rights and liabilities, it is presumed to apply only to future causes of action unless there is some evidence of legislative intent that the statute be applied retrospectively. *See Harris v. Adams*, 123 N.H. 167, 170, 459 A.2d 241, 243 (1983); *Walker v. Walker*, 116 N.H. 717, 718, 367 A.2d 211, 212 (1976). When a statutory change, however, as found in this case, solely affects procedures or remedies, rather than substantive rights, the normal presumption against retrospective application is reversed. *See LaBarre v. Daneault*, 123 N.H. 267, 271–72, 461 A.2d 89, 92 (1983); *Property Owners Ass'n v. Sholley*, 111 N.H. 363, 365, 284 A.2d 915, 916 (1971). Statutes which solely affect a party's remedy "'are usually deemed to apply retroactively to those pending cases which on the effective date of the statute have not yet gone beyond the procedural stage to which the statute pertains.'" *State v. Preston*, 119 N.H. 877, 880, 409 A.2d 792, 794 (1979) (quoting *Riesenberg v. State*, 115 N.H. 12, 14, 332 A.2d 393, 394 (1975)).

We find nothing in the legislative history of either RSA 21-B:1 (Supp. 1983) or RSA 21:44 (Supp. 1983) (House Bill 403 (1973)) which leads us to believe that the legislature did not intend to have these enactments affect the provisions of RSA 508:8. In fact, Representative Close, when speaking for the Judiciary Committee on the scope of House Bill 403 (1973) noted: "Hopefully the bill amends all references to age of majority to conform with eighteen as the voting age." N.H.H.R. JOUR. 557 (1973). Senator Bradley, a sponsor of Senate Bill 57 (1973), a companion bill to House Bill 403 (1973), also stated:

> "It was our understanding to revise . . . all [the statutes] however we being human people we were afraid that

> there might be some that we have missed . . . . If such a section does turn up, it would be my understanding it should be included in the bill."

N.H.S. JOUR. 292 (1973).

■ Although House Bill 403 (1973), as enacted after amendment, did not change all of the existing statutory provisions dealing with minors, *see* RSA ch. 186-C (Supp. 1983); RSA ch. 463-A, RSA 167:6, we find, based upon our review of the legislative history of this bill and of Senate Bill 51 (1973), an intent on the part of the legislature to change all provisions dealing with the age of majority except those explicitly excluded. We further find nothing in the legislative history of either bill which would rebut the presumption that the legislature intended to have the change effected in the limitations provisions of RSA 508:8 apply to all actions still to be brought before the court.

The plaintiff further contends that to apply the lowered age of majority to his claim would defeat the legislature's purpose in enacting RSA 508:8—that of preserving claims. We find no merit in this argument since the purpose effectuated by RSA 508:8, to afford minors two years within which to file a personal action after their minority disability has been removed, remains unchanged. Application of the lowered age of majority to this provision merely changes the time at which this statute of limitations commences to run.

■ We likewise find no merit in the plaintiff's equal protection claim. Although RSA 508:8 is designed to preserve the claims of two distinct classes of individuals, infants and mental incompetents, the legislature may change the point at which an individual's disability of minority is removed without similarly affecting the rights of those individuals disabled by mental incompetence. Both groups are still afforded the same two-year period from the date their disability is removed within which to bring suit.

Accordingly, we affirm the decision of the superior court dismissing the plaintiff's action.

*Affirmed.*

All concurred.