Cheshire County Probate Court
No. 90-527

*In re* ESTATE OF PHYLLIS R. NORTON

November 8, 1991

*McLane, Graf, Raulerson & Middleton P.A.*, of Manchester (*Bruce W. Felmly* and *Thomas W. Hildreth* on the brief, and *Mr. Felmly* orally), for the plaintiff, Randall D. Merchant.

*Boynton, Waldron, Doleac, Woodman & Scott P.A.*, of Portsmouth (*Ralph R. Woodman, Jr.*, and *Francis X. Quinn, Jr.*, on the brief, and *Mr. Quinn* orally), for the defendants, Nancy McFarland *& a.*

THAYER, J. The plaintiff, the life tenant of real estate located in Gilsum, sought partition against the defendants, who hold the remainder interest in the property. The Cheshire County Probate Court (*Espiefs*, J.) denied the request. The issue on appeal is whether RSA 538:1 allows a life tenant in possession to compel partition against the holder of a remainder interest. We hold that it does not, and therefore affirm.

RSA 538:1 reads:

"One or more persons, having or holding real estate with others, in possession, reversion or remainder, may have partition thereof as in this chapter provided. And the petitioner

may, at his election, make a tenant for life or for years, or a tenant by the curtesy of the entire real estate or any part thereof, or whoever may be entitled to a contingent or vested remainder or reversion or any executory interest in the entire real estate or any part thereof, or any lien-holder on the entire real estate or any part thereof, a petitionee in the action. *The holder in possession of a fee simple interest in such real estate may have partition, irrespective of the class or duration of the estate of any petitionee named in the action.*"

(Emphasis added.) This statute was last amended in 1949, when the third sentence was added to the first two. *See* Laws 1949, 266:1.

 The first two sentences of the statute permit compulsory partition only among persons holding estates of the same class. *Brierley v. Brierley*, 81 N.H. 133, 137, 124 A. 311, 314 (1923); *see also Coleman v. Coleman*, 94 N.H. 456, 458, 55 A.2d 471, 472 (1947). The plaintiff and the defendants here hold estates of different classes. Therefore, the plaintiff is not entitled to partition unless the third sentence of RSA 538:1 allows it. *See Putnam v. Davis*, 103 N.H. 121, 123–24, 166 A.2d 469, 471 (1960).

The plaintiff admits that the plain words of the third sentence, "holder in possession of a fee simple interest," by themselves preclude him from obtaining relief, because he holds a life estate in the property, not a fee simple interest. He argues, however, that this court's *dicta* in *Putnam v. Davis supra* and *Bartlett v. Bartlett*, 116 N.H. 269, 357 A.2d 460 (1976), as well as public policy, require us to ignore those words.

First, we examine the *dicta*. Both cases were decided after the addition of the last sentence of RSA 538:1, and both unambiguously state that a life tenant is entitled to partition against holders of a remainder interest. *Putnam v. Davis, supra* at 124, 166 A.2d at 472; *Bartlett v. Bartlett, supra* at 273, 357 A.2d at 463. These statements, however, were unrelated to the issues before the court and irrelevant to its holdings. In *Putnam v. Davis*, the issue was whether remaindermen could compel partition against a life tenant. The court held that they could not, because they were not "in possession," as required by RSA 538:1. *Putnam v. Davis*, 103 N.H. at 124, 166 A.2d at 471–72. In *Bartlett v. Bartlett*, the life tenants brought a partition petition against the remaindermen, and both parties happened to be entitled to possession of portions of the property. The issue on appeal was not whether the petition should have been granted, but whether

the proceeds of the property's sale were equitably distributed. *Bartlett v. Bartlett*, 116 N.H. at 271–72, 357 A.2d at 462.

■■ Thus, the statements the plaintiff relies on in these two cases were nonessential, merely gratuitous remarks. "Since . . . [they] were not necessary to the decisions, they may be said to be truly *dicta*," *Coleman v. Coleman*, 94 N.H. at 458, 55 A.2d at 473; *see also State v. Hogg*, 118 N.H. 262, 267, 385 A.2d 844, 847 (1978), and not deserving of the deference accorded by *stare decisis* to actual holdings, *cf. Brannigan v. Usitalo*, 134 N.H. 50, 53, 587 A.2d 1232, 1233 (1991). Because these dicta stand diametrically opposed to the statute's conspicuous meaning, we choose not to follow them.

■ The plaintiff's second and final argument is that public policy would be served by allowing his petition, in view of the remedial purpose of RSA 538:1, *see Wallace v. Stearns*, 96 N.H. 367, 369, 77 A.2d 109, 111 (1950) (holding that because RSA 538:1 is remedial, retrospective application of third, newly enacted sentence is not unconstitutional), and the possible loss and inconvenience caused by common ownership. Although our holding may prove harsh to a life tenant, neither a remainderman's interests nor the intent of a testator can be ignored. We must assume that the legislature considered these competing interests when it determined public policy by enacting RSA 538:1. Accordingly, we hold that a life tenant is not entitled to partition against remaindermen and affirm the probate court's decision.

*Affirmed.*

All concurred.