**In re CARROLL INDUSTRIES, INC., Debtor.**

**Kevin CAMPBELL, Trustee, Plaintiff,**

**v.**

**CARROLL INDUSTRIES, INC., c.i.-Hooksett f/k/a c.i. Partnership, and Amoskeag Bank, Defendants.**

**Bankruptcy No. 90–02341(S.C.). Adv. No. 91–1177.**

United States Bankruptcy Court, D. New Hampshire.

Jan. 21, 1993.

Terrie Harman, Harman & Clarke, Peter F. Kearns, Sheehan, Phinney, Bass & Green, Portsmouth, NH, for plaintiff.

Ronald J. Caron, Brennan, Caron & Lenehan, Manchester, NH, Robert F. Anderson, Anderson, Lowder & Strait, Columbia, SC, for defendant c.i.-Hooksett.

William F. Halligan, Robinson, McFadden & Moore, Columbia, SC, Garry R. Lane, R. Matthew Cairns, Ransmeier & Spellman, Concord, NH, for defendant Amoskeag Bank.

officer, and the actions of the bank personnel thereafter as developed in the April 13, 1992

retrial.

Kevin Campbell, Mt. Pleasant, SC, trustee.

## MEMORANDUM OPINION

JAMES E. YACOS, Bankruptcy Judge.

This adversary proceeding came on for hearing before the Court on May 1, 1992 for oral argument on a Motion to Dismiss filed by defendant c.i.-Hooksett (formerly c.i. Partnership) and plaintiff's Objection thereto, concerning plaintiff's Complaint to Avoid Fraudulent Conveyance. Plaintiff's Complaint has been superseded by an Amended Complaint filed on December 26, 1991. By Order dated February 20, 1992 the Court denied the Motion to Dismiss "except to the extent that it raises a pure question of law with regard to the effect, if any, of the filing of this bankruptcy case in February, 1989, with regard to any extension of the applicable statute of limitations." For the reasons set forth below, the Court finds that plaintiff's Complaint was filed within the requisite statutory time period, and defendant's Motion to Dismiss is accordingly denied.

On December 12, 1985, debtor Carroll Industries, Inc. conveyed certain property located in Conway, New Hampshire to c.i. Partnership, a partnership comprised of debtor's shareholders. Additional facts were alleged in plaintiff's Complaint and Amended Complaint purporting to prove that debtor had engaged in a fraudulent conveyance. However, the only fact that is relevant to the statute-of-limitations analysis herein is that the alleged fraudulent conveyance occurred on December 12, 1985. Debtor filed its bankruptcy petition on February 23, 1989. Plaintiff was appointed as trustee on June 27, 1990. Plaintiff-trustee filed this adversary proceeding on May 22, 1991. The issue before the Court is when a cause of action for fraudulent conveyance expired, given the facts of this case. This issue requires a determination of which of two state statutes applies to the fraudulent conveyance action.

The plaintiff-trustee's Complaint and Amended Complaint were brought pursuant to the Uniform Fraudulent Conveyances Act, N.H. RSA Chapter 545 ("UFCA") pursuant to his special powers under § 544(b) of the Bankruptcy Code. The UFCA had no provision for a limitation of actions, rather, the limitation on fraudulent conveyance actions was governed by the then-effective general statute of limitations for personal actions, N.H. RSA 508:4, which provided for a six-year limitation period.[1] The UFCA was repealed and was replaced with the Uniform Fraudulent Transfer Act, N.H. RSA Chapter 545–A ("UFTA"), effective January 1, 1988.[2] The UFTA includes a specific section providing for either a one-year or a four-year limitation on actions, depending on which section of the UFTA an action is brought under. For ease of reference, a visual aid laying out the relevant dates and statute of limitation time periods is attached hereto as Annex "A".

Defendant c.i.-Hooksett claims that plaintiff-trustee is subject to the four-year/one-year statute of limitation period of RSA Chapter 545–A, due to a retroactive application of that statute. Defendant maintains that plaintiff is therefore time-barred from instituting the instant proceeding, because the deadline would have been December of 1989 at the latest and December of 1986 at the earliest. Defendant cites several New Hampshire Supreme Court decisions supporting its assertion that RSA Chapter 545–A applies retroactively, primarily *Norton v. Patten*, 125 N.H. 413, 480 A.2d 190 (1984).

Plaintiff-trustee claims that the UFCA is the applicable state law with respect to plaintiff's fraudulent conveyance actions, and the concomitant six-year limitation period is therefore applicable. Plaintiff states that, since the trustee filed the com-

---

1. N.H. RSA 508:4 (1983). N.H. RSA 508:4 was amended, effective July 1, 1986, and now provides for a three-year limitation on personal actions. This three-year limitation applies only to causes of action accruing on or after July 1, 1986.

2. Act of New Hampshire Legislature (1987, 215:1); N.H. RSA 545 (Supp.1991) and N.H. RSA 545–A (Supp.1991).

plaint in May of 1991, approximately 5½ years after the alleged fraudulent conveyance, the complaint was timely filed. Plaintiff makes no argument and presents no authority contrary to defendant's assertion that the limitation period of the UFTA should be applied retroactively.

Alternatively, plaintiff argues that, even if the UFTA is the applicable statute, plaintiff's claims fall within sections of the UFTA that are governed by the four-year limitation period. Such a limitation period would have expired in December of 1989, however plaintiff maintains that the intervening bankruptcy filing provided debtor with a two-year extension of the limitation period, pursuant to section 108 of the Bankruptcy Code. Under this extension, debtor would have had two years from the bankruptcy filing date, until February of 1991, to bring a fraudulent conveyance action, which debtor failed to do. Nevertheless, plaintiff states that it was benefitted by a further two-year extension from the date of the trustee's appointment, pursuant to section 546(a) of the Bankruptcy Code. Under this theory, the trustee would have until June of 1992 to bring an action, and the trustee's filing of such an action in May of 1991 would thus be timely.

Defendant c.i.-Hooksett responds that any extension of a limitation period due to the appointment of a trustee is only valid if the cause of action is not time-barred at the time of the trustee's appointment. In support of this declaration, defendant cites *Purves v. ICM Artist, Ltd.*, 119 B.R. 407 (Bankr.S.D.N.Y.1990). Moreover, defendant states that in *In re Revco D.S., Inc.*, 118 B.R. 468 (Bankr.N.D.Ohio 1990), another bankruptcy court recently observed that neither the United States Supreme Court nor any United States Court of Appeals has ever decided the precise issue before the court, namely whether a limitations period is tolled by the filing of bankruptcy, and then further tolled by the appointment of a trustee.

## CONCLUSION

■ The only relevant statute of limitations under state law raised by this Complaint is the four year statute of limitations under RSA Chapter 545–A, in that I believe that the New Hampshire courts would apply retroactively the statute of limitations included in the Uniform Fraudulent Transfer Act which was effective January 1, 1988. On the facts of the present case this retroactive application still gave the complaining parties time to pursue a cause of action before expiration of the shortened limitations. See *Norton v. Patten*, 125 N.H. 413, 480 A.2d 190 (1984).

■ The foregoing conclusion means that at the date of bankruptcy filing in February of 1989 the statute of limitations under state law had not yet expired and pursuant to § 108(a) of the Bankruptcy Code was extended so that a lawsuit could have been filed by the debtor-in-possession at any time on or before February of 1991.

■ The appointment of the trustee in June of 1990 triggered a new two-year tolling period pursuant to § 546(a) of the Bankruptcy Code inasmuch as *on the trustee appointment date* the cause of action in question was *not* time-barred pursuant to the two-year tolling period under § 108(a) of the Bankruptcy Code.

The foregoing being true the filing by the chapter 7 trustee of the present law suit in May of 1991 clearly was within the *further extended* tolling period under § 546(a) (of a lawsuit not already time-barred) and therefore the motion to dismiss based on an untimely filing must be denied.

This case does not require a determination of the troublesome question as to what would be the applicable limitations date if "a gap" had occurred between the time of expiration of a § 108(a) tolling period and the appointment of a succeeding trustee in bankruptcy and no opinion on that question is intended either explicitly or implicitly by this decision.

## ANNEX A

*Relevant Dates and Time Periods*

Dec. 1985 Alleged fraudulent transfer of property. State 6–year statute of limitations under UFCA starts running.

Dec. 1986 One-year SOL under later-enacted UFTA expires if it is to be applied retroactively.

Jan. 1988 UFTA enacted. (1–yr./4–yr. SOL)

Feb. 1989 Debtor files chapter 11 case. Debtor as debtor-in-possession has avoiding powers of a trustee, 11 U.S.C. § 1107.

Feb. 1989 Two-year tolling period to bring actions begins. 11 U.S.C. § 108(a). Can only bring claims that were not time-barred as of filing date.

Dec. 1989 Four-year SOL under UFTA expires.

June 1990 Case converted from chapter 11 to chapter 7. New Hampshire Trustee Victor Dahar appointed. Case transferred to South Carolina. South Carolina successor trustee appointed.

June 1990 Two-year tolling period to bring actions begins. 11 U.S.C. § 546(a).

Feb. 1991 Expiration of two-year tolling period under 11 U.S.C. § 108(a).

May 1991 Complaint filed.

Dec. 1991 Six-year SOL under UFCA expires.

June 1992 Two-year tolling period under 11 U.S.C. § 546(a) expires if it can run from appointment of trustee.