Hillsborough
No. 91-574

CAROL L. ELDRIDGE

v.

STEPHEN F. ELDRIDGE

February 12, 1993

*Kahn & Brown*, of Nashua (*James H. Leary* and *John J. LaRivee* on the brief, and *Mr. Leary* orally), for the plaintiff.

*Sheehan, Phinney, Bass & Green, P.A.*, of Manchester (*James E. Higgins* on the brief and orally), for the defendant.

BATCHELDER, J.   The defendant, Stephen F. Eldridge, appeals the decision of the Superior Court (*Barry*, J.), adopting the report of the Master (*Peter J. Bourque*, Esq.), modifying the defendant's child support obligation. He argues that the trial court erred in applying RSA 458-C:7 retrospectively to allow the modification of his child support obligation without a showing of an unforeseen and substantial change in circumstances. According to the defendant, application of the statute to permit the modification of his support obligation violated part I, article 23 of the New Hampshire Constitution, which prohibits retrospective laws. Finding no error, we affirm.

The plaintiff, Carol L. Eldridge, and the defendant were divorced on December 21, 1988. The court decree of August 26, 1987 provided for child support of $750 per month per child and $2000 per month in alimony until one year after the plaintiff passed the bar examination, but for not more than three years after the decree.

On February 27, 1991, the plaintiff filed a petition to extend, renew or modify alimony. She later amended the petition to add an allegation that the termination of alimony payments caused a substantial change in financial circumstances. On June 25, 1991, she moved to modify custody and support. She likewise amended that petition, alleging that the defendant's child support obligation should be modified pursuant to RSA 458-C:7, which permits the modification of a child support order three years after the entry of the last order for support, without a showing of a substantial change of circumstances. On November 20, 1991, the trial court denied the plaintiff's request to renew alimony payments but granted her request for modification of child support pursuant to RSA 458-C:7. This appeal followed.

The defendant argues that the trial court's application of RSA 458-C:7, which was enacted subsequent to the date of the court decree setting his child support obligation, violates the prohibition in part I, article 23 of the New Hampshire Constitution against retrospective laws. The plaintiff counters that the statute is procedural and remedial and, therefore, that it may be applied retrospectively, because it does not come within the scope of "highly injurious, oppressive, and unjust" laws prohibited by part I, article 23.

■ The applicable standard of review requires us to sustain the decision of the trial court unless it is unsupported by the evidence or tainted by error of law. *Riverwood Commercial Prop's v. Cole*, 134 N.H. 487, 490, 593 A.2d 1153, 1156 (1991).

■■ Before deciding the constitutional issue, we must first determine whether RSA 458-C:7 was intended to be applied retrospectively to cases such as this one. As a general rule, statutes are to be applied prospectively. *See State v. Johnson*, 134 N.H. 570, 572, 595 A.2d 498, 500 (1991). Common sense dictates that this be so. Because every person is presumed to know the law and, therefore, to organize his or her conduct and affairs accordingly, notice or warning of a change in the law should be given in advance of such change. Moreover, there is a presumption of prospectivity when a statute affects substantive rights. *Id.* This presumption of prospectivity is reversed, however, when the statute is remedial in nature or affects only procedural rights. *Id.* at 572–73, 595 A.2d at 500. In that case, retrospective application is not unjust. In the final instance, the question of retrospective application rests on a determination of fundamental fairness, because the underlying purpose of all legislation is to promote justice.

■ The legislative history of RSA 458-C:7 reveals that the statute was intended "to resolve inequities in child support orders for those parties who were divorced prior to the passage of child support guidelines in 1988." N.H.H.R. JOUR. 405 (1991). In addition, the statute was enacted to bring New Hampshire law in compliance with the federal Family Support Act of 1988, which evinces Congress's intent that State child support guidelines be applied retrospectively. *See* Hearing on HB 406 before the Senate Committee on Judiciary 1 (May 1, 1991) (remarks of Rep. Spear); RSA 458-C:1. Under the Family Support Act, in order for a State to be eligible for federal funds for aid and services to needy families with children, *see* 42 U.S.C.A. § 601 (West 1991), it must establish a procedure for "the periodic review and adjustment of child support orders *being enforced* under this part." 42 U.S.C.A. § 666(a)(10)(B) (West 1991) (emphasis added).

> "[T]he natural and plain meaning of the reference . . . to 'orders being enforced' encompasses all support orders currently under the jurisdiction of the courts of the state. Periodic reviews and adjustments of support orders were intended to create a mechanism by which orders entered before the promulgation of a state's child support guidelines could be brought up to levels comparable to those entered after the guidelines took effect. Without such a mechanism, full implementation of the goals served by promulgating guidelines would be delayed for many years. The grandfathering of preguidelines orders would frustrate the congressional intent to have parents, rather than state and federal governments, assume the financial responsibility for support of their children to the best of their ability."

*Turner v. Turner*, 219 Conn. 703, 715, 595 A.2d 297, 303 (1991). Consequently, we conclude that the New Hampshire legislature clearly intended that RSA 458-C:7 be applied retrospectively to cases such as the one now before us.

■ We turn next to the defendant's argument that the application of RSA 458-C:7 to modify a support obligation which preceded the effective date of the statute violates the State Constitution. Part I, article 23 of the New Hampshire Constitution states that "[r]etrospective laws are highly injurious, oppressive, and unjust. No such laws, therefore, should be made, either for the decision of civil causes, or the punishment of offenses." It prohibits the enactment of any statute that "takes away or impairs vested rights, ac-

quired under existing laws, or creates a new obligation, imposes a new duty, or attaches a new disability, in respect to transactions or considerations already past." *Woart v. Winnick*, 3 N.H. 473, 479 (1826) (quotation omitted). As this court has recognized:

> "[A] statute does not come within the ban of retrospective laws if it is remedial only, and is not highly injurious, oppressive or unjust. . . . A law is not, then, necessarily within the prohibition of the twenty-third article of the bill of rights, because it looks back upon past transactions; it is not necessarily outside of the prohibition, because it affects the remedy; but if it affects the remedy only, and the court cannot see that it affects it injuriously, oppressively, or unjustly, the law should be regarded as constitutional and valid."

*Wallace v. Stearns*, 96 N.H. 367, 369, 77 A.2d 109, 111 (1950) (quotation omitted).

The statute, when applied to the facts of the present case, relates to antecedent facts, but it neither creates any new obligations nor establishes any new duties. The defendant's obligation to provide for the support of his three children, although fluid in its essence, has not changed. Rather, the statute establishes a new procedure whereby parties may seek modifications of existing child support orders. Moreover, the statute does not mandate acceptance of a party's modification request; it simply opens up a new channel of inquiry into whether a modification is appropriate. As the Georgia Supreme Court noted in assessing a similar statute under its corresponding constitutional provision prohibiting retroactive laws: "The procedure for enforcing the existing obligation of the father to support his minor children is changed, but the [legislature] has the power thus to change the remedy for enforcing an existing obligation without making the act retroactive in violation of [the] constitution." *Murphey v. Murphey*, 215 Ga. 19, 23, 108 S.E.2d 872, 875 (1959). Nor do we find this law, the intent of which is to resolve inequities in child support orders and to ensure that parents assume financial responsibility for support of their children to the best of their ability, to be highly injurious, oppressive, or unjust. Accordingly, we hold that the application of RSA 458-C:7 to modify child support obligations entered into before the effective date of the statute does not violate part I, article 23 of our constitution.

*Affirmed.*

All concurred.