Rockingham
No. 99-323

## IN THE MATTER OF MARK W. PEIRCE AND JOY N. PEIRCE

July 13, 2001

*John A. Macoul*, of Salem, by brief and orally, for the plaintiff.

*Marshall Law Offices*, of East Kingston (*Keri J. Marshall* on the brief and orally), for the defendant.

BROCK, C.J. The plaintiff, Mark W. Peirce, appeals an order of the Superior Court (*Abramson*, J.) denying his request to modify support obligations to which he had previously stipulated. *See* RSA 458-C:7 (Supp. 2000). We reverse and remand.

The following facts were adduced at the hearing before the trial court. In November 1995, the trial court entered a no fault divorce between the plaintiff and the defendant, Joy N. Peirce. Prior to this decree, the parties had entered into a permanent stipulation prepared by the defendant's counsel.

According to the stipulation, within the paragraph entitled "Support," the plaintiff is required to pay the mortgage, taxes and insurance of the marital home in which the defendant resides with their only child. In addition, within the paragraph entitled "Real Estate," within six months of the defendant's remarriage but "not the Defendant's mere cohabitation with another," the defendant must either sell the house or buy out the plaintiff's interest in it.

Since October 1995, Thomas MacMillan has lived in the house with the defendant. MacMillan and the defendant have been engaged since 1997. At some point after moving in with the defendant, MacMillan's two children also moved into the home and he began to pay her $1100 per month.

In 1999, based upon the defendant's extended cohabitation with MacMillan, her receipt of financial assistance from him, and the three-year review provision of RSA 458-C:7, the plaintiff sought modification of his support obligations under the stipulation. The trial court ruled that although the plaintiff did not have to prove that a substantial change in circumstances had occurred before seeking modification of his child support obligations under the stipulation, he had to make some showing as to why the agreement

should be modified. After finding that the plaintiff failed to make such a showing, the court refused to grant any modification.

On appeal, the plaintiff alleges that the trial court erred by: (1) ruling that under RSA 458-C:7 he must show some reason for modifying the terms of his support obligations under the parties' original agreement; (2) failing to find a sufficient basis for review, including substantially changed circumstances, that warranted a modification of the support provisions; and (3) refusing to award him credit against financial contributions received by the defendant from MacMillan.

In support of his first argument, the plaintiff contends that although he originally agreed to provide child support exceeding the requirements of the child support guidelines, after three years he is entitled to an automatic review of his support obligations under RSA 458-C:7.

We will uphold the trial court's decision unless it is unsupported by the evidence or tainted by an error of law. *See Eldridge v. Eldridge*, 136 N.H. 611, 613 (1993). As a matter of law, we conclude that the trial court erroneously interpreted RSA 458-C:7.

"The legislature enacted the child support guidelines in 1988 to establish a uniform system for determining the amount of child support to be awarded." *Giles v. Giles*, 136 N.H. 540, 543 (1992) (quotation omitted); *see also* RSA 458-C:1 (1992). According to RSA 458-C:4 (1992), "the guidelines shall apply in all child support cases, including orders modifying an existing support order." *Giles*, 136 N.H. at 543.

RSA 458-C:7 provides:

> The obligor or obligee may apply to the court . . . for modification of [a child support] order 3 years after the entry of the last order for support, without the need to show a substantial change of circumstances. This section shall not prohibit the obligor or obligee from applying at any time for a modification based on substantial change of circumstances.

This statute was enacted to resolve inequities in child support orders and to bring New Hampshire into compliance with federal law. *See Eldridge*, 136 N.H. at 614; *see also* 42 U.S.C.A. § 666(a)(10)(A)(i), (iii) (Supp. 2000). Thus, the statute establishes "a [new] procedure for the periodic review and adjustment of child support orders" under the court's jurisdiction, *Eldridge*, 136 N.H. at 614 (quotation omitted), after three years without a need to show any change in circumstances, *see* N.H.S. JOUR. 1110-11 (1991).

■ Here, the trial court found that the plaintiff's financial obligations involving the marital home were support obligations "subject to modification." The court also found that it had been more than three years since the adoption of the support obligations in the original agreement. In view of these findings, and consistent with the language and purpose of RSA 458-C:7, the plaintiff was entitled to automatic review of his existing support obligations by the court.

■ The plaintiff next contends that the trial court erred by refusing to award him credit against financial contributions received by the defendant from MacMillan. Essentially, he seeks retroactive modification of his support obligation. "[A] modification is retroactive if ordered effective prior to the date of the filing of the petition to modify." *Maciejczyk v. Maciejczyk*, 134 N.H. 343, 345 (1991). "Ordinarily, the court's power to modify child support obligations under RSA 458:32 is limited to orders regarding future payments." *Chenausky v. Chenausky*, 128 N.H. 116, 120 (1986); *see also* RSA 458:17, VIII (Supp. 2000). Only in limited circumstances, not present here, have we allowed litigants credit towards child support arrearages. *Cf. Griffin v. Avery*, 120 N.H. 783, 787-88 (1980) (no error where trial court awarded credit towards support obligation of noncustodial parent whose social security benefits were · paid to custodial parent to support their children). We conclude that in this case the trial court did not err in refusing to credit the plaintiff for payments made to the defendant by MacMillan.

In light of our decision today, the plaintiff's remaining arguments are rendered moot.

*Reversed and remanded.*

BRODERICK, NADEAU and DALIANIS, JJ., concurred; HORTON, J., retired, specially assigned under RSA 490:3, sat for oral argument but did not take part in the final vote.